476 So.2d 1383 (1985)
Michael Jerome LARKINS, Appellant,
v.
STATE of Florida, Appellee.
No. BC-462.
District Court of Appeal of Florida, First District.
October 29, 1985.
*1384 Michael E. Allen, Public Defender, Kenneth D. Driggs, Asst. Public Defender, Tallahassee, for appellant.
Jim Smith, Atty. Gen., Henri C. Cawthon, Asst. Atty. Gen., Tallahassee, for appellee.
MILLS, Judge.
Larkins appeals his conviction of two counts of aggravated assault and resisting arrest with violence. He also challenges his sentence, imposed pursuant to the sentencing guidelines. We affirm.
Larkins and another man entered a convenience store where one of the victims, Wirth, was standing at the counter holding change from a $10 bill in her hand. Larkins, who possessed a gun but was not displaying it, grabbed the money and held Wirth while his accomplice emptied the register. The two then fled the scene with an officer in pursuit. Larkins was cornered in a department store and inflicted numerous bite wounds to the officer's hand and arm before being subdued.
Larkins was charged with two counts of armed robbery, two counts of aggravated assault, resisting an officer with violence and battery on a law enforcement officer. At the close of the evidence during his jury trial, Larkins moved for judgment of acquittal as to the armed robbery of Wirth, which was denied. He was found guilty on all counts and sentence was imposed within the sentencing guidelines. Larkins' point total, including 16 points for "moderate" victim injury, corresponded to a recommended sentence range of 9 to 12 years. A 12-year sentence was imposed without objection.
Larkins alleges first that he should not have been convicted of the two aggravated assault charges in that they are lesser included offenses of armed robbery. It is similarly alleged that resisting arrest with violence is a lesser included offense of battery on a law enforcement officer and it was therefore error to convict him of the former offense. We cannot agree.
Offenses are separate if each requires proof of an element that the other does not, without regard to the accusatory pleading or the proof adduced at trial. Section 775.021(4), Florida Statutes (1983); State v. Baker, 456 So.2d 419 (Fla. 1984). This necessitates comparison of the statutory elements of the crimes charged to determine if each can possibly be committed without committing the other. Rotenberry v. State, 468 So.2d 971, 976 (Fla. 1985).
An armed robbery is 1) the taking of money or property 2) by force, violence, assault or putting in fear 3) while carrying a firearm. Section 812.13, Florida Statutes (1983). An aggravated assault is 1) an intentional 2) threat by work or act to do violence to the person of another, 3) an apparent ability to do so, 4) the doing of some act creating a well-founded fear of imminent violence 5) with a deadly weapon. Sections 784.011 and 784.021, Florida Statutes (1983). One may take money by force while carrying a concealed weapon and be guilty of armed robbery without committing an aggravated assault, which requires use of that weapon to threaten. Alternatively, one might threaten imminent violence with a weapon without taking money *1385 or property. These offenses are clearly separate.
Resisting an officer with violence consists of 1) knowingly 2) resisting, obstructing or opposing a law enforcement officer 3) in the lawful execution of any legal duty 4) by offering or doing violence to his person. Section 843.01, Florida Statutes (1983). Battery on a law enforcement officer is 1) actual 2) intentional 3) touching or striking 4) against the will 5) of a law enforcement officer 6) engaged in the lawful performance of his duties. Sections 784.03 and 784.07, Florida Statutes (1983). Resisting arrest with a verbal offer of violence would not constitute a battery, while the placement of an unwanted hand on an officer's arm qualifies as a battery, although no resistance or obstruction occurs. Therefore, these offenses are separate as well.
It was not error to deny Larkins' motion for judgment of acquittal as to the charge of armed robbery of Wirth. The fact that Larkins did not display his gun is immaterial. Carrying a weapon during a robbery is sufficient to enhance the charge. Section 812.13.
Larkins also claims, however, that because he took less than $10 from Wirth, without first placing her in fear, he should not have been charged with robbery, but rather petty larceny. We disagree.
Robbery is a taking, not only by putting in fear, but by force or violence as well. The money was in Wirth's physical possession, and Larkins grabbed it from her. By his motion for acquittal, Larkins conceded these facts and all reasonably inferable conclusions. Spinkellink v. State, 313 So.2d 666, 670 (Fla. 1975) cert. den. 428 U.S. 911, 96 S.Ct. 3227, 49 L.Ed.2d 1221 (1976). It was therefore reasonable for the jury to conclude that, given the circumstances, sufficient force was exercised to fulfill the requirements of the robbery statute.
Finally, Larkins alleges that the trial court erred in scoring him for "moderate" rather than "slight" victim injury when calculating his sentencing guidelines score. We can locate no authority permitting him to raise such an error absent objection, since the sentence was within the guidelines range and reduction of the score to reflect "slight" injury results in a point total corresponding to the identical range within which he was sentenced.
Affirmed.
SMITH and THOMPSON, JJ., concur.