496 So.2d 194 (1986)
The STATE of Florida, Appellant,
v.
Eric BROWN, Appellee.
No. 85-718.
District Court of Appeal of Florida, Third District.
October 14, 1986.
Rehearing Denied November 17, 1986.
Jim Smith, Atty. Gen., Michele L. Crawford, Asst. Atty. Gen., for appellant.
Bennett H. Brummer, Public Defender, Thomas G. Murray, Asst. Public Defender, for appellee.
Before SCHWARTZ, C.J., and BASKIN and DANIEL S. PEARSON, JJ.
SCHWARTZ, Chief Judge.
The state appeals from an order entered pursuant to Fla.R.Crim.P. 3.190(c)(4) reducing a charge of armed robbery to grand theft of a firearm. See State v. Brown, 493 So.2d 469 (Fla. 3d DCA 1986) (denying motion to dismiss).
It was undisputed that, after physically assaulting the manager of a convenience store, Brown and a co-defendant took gold chains from her neck, cash from the store register and a handgun from underneath it. They then fled the scene with the loot; Brown carried the pistol, but did not point it at anyone. The defendant argues that since, as was held in Royal v. State, 490 So.2d 44 (Fla. 1986), the crime was completed when the weapon was taken, the defendants did not carry a firearm "in the course of committing the robbery" within the meaning of the armed robbery statute, section 812.13(2)(a), Florida Statutes (1983).[1] Because of the particular language of the statute in question, we must disagree.
Section 812.13 provides:
812.13 Robbery. 
(1) "Robbery" means the taking of money or other property which may be the subject of larceny from the person or custody of another by force, violence, assault, or putting in fear.
(2)(a) If in the course of committing the robbery the offender carried a firearm or other deadly weapon, then the robbery is a felony of the first degree, punishable by imprisonment for a term of years not exceeding life imprisonment or as provided in s. 775.082, s. 775.083 or s. 775.084.
* * * * * *

*195 (3) An act shall be deemed "in the course of committing the robbery" if it occurs in an attempt to commit robbery or in flight after the attempt or commission.
Since it is clear, indeed conceded,[2] that  unlike Royal in which only a theft was initially involved  a strong-arm robbery was committed in the taking of the proceeds, 812.13(1), and that Brown "carried a firearm," 812.13(2)(a), "in flight after the ... commission" of that robbery, 812.13(3), his conduct fell within the unequivocal reach of the armed robbery provision. See Mills v. State, 400 So.2d 516 (Fla. 5th DCA 1981) (burglar who steals gun from premises is guilty of armed burglary, defined in section 810.02(2)(b) as occurring if offender "is armed or arms himself within ... structure"), pet. for review denied, 408 So.2d 1094 (Fla. 1981); compare State v. Pilcher, 443 So.2d 366 (Fla. 5th DCA 1983) (burglar who steals firearm did not have "gun in his possession when burglary was committed" under section 775.087(2)).
For this reason, the order is reversed with directions to reinstate the charge of armed robbery contained in the information.
NOTES
[1] The appellee concedes that the charge should have at most been reduced to strong-arm robbery, rather than to grand theft.
[2] See supra note 1.