553 So.2d 177 (1989)
Thomas HIGGINS, Appellant,
v.
STATE of Florida, Appellee.
No. 88-2295.
District Court of Appeal of Florida, First District.
July 12, 1989.
On Rehearing December 1, 1989.
*178 Michael E. Allen, Public Defender and Nancy L. Showalter, Asst. Public Defender, Tallahassee, for appellant.
Robert A. Butterworth, Atty. Gen., and Edward C. Hill, Jr., Asst. Atty. Gen., Tallahassee, for appellee.
PER CURIAM.
AFFIRMED.
SMITH, THOMPSON and MINER, JJ., concur.

ON REHEARING
THOMPSON, Judge.
Higgins appealed the trial court's denial of his request to have the jury instructed on second degree arson, § 806.01(2), Fla. Stat., as a necessarily lesser included offense of the offense charged, first degree arson, § 806.01(1). He argues that the trial court's ruling was in error because second degree arson was included in the presumptively correct schedule of lesser included offenses approved by the Florida Supreme Court. In the Matter of the Use By the Trial Courts of the Standard Jury Instructions in Criminal Cases, 431 So.2d 594 (Fla. 1981); Ray v. State, 403 So.2d 956 (Fla. 1981).
The state argued that the statute defining second degree arson had been amended in 1979 and that offense is no longer a necessarily lesser included offense of first degree arson. Higgins responded that the amendment to the statute occurred in 1979 prior to the promulgation of the schedule of necessarily lesser included offenses and thus the schedule was created and approved based on the existing arson statute. This court affirmed the judgment and sentence below, per curiam.
Higgins filed a motion for rehearing, rehearing en banc, or certification. The motion for rehearing and certification is granted. Higgins contends the per curiam affirmance decision leaves it unclear whether this court found that second degree arson is not a necessarily included offense of the crime charged, or that second degree arson is a necessarily included offense but that the trial court was correct in not instructing the jury on this offense. He argues that the opinion appears to change the law by either removing second degree arson from the schedule of necessarily included offenses or relieving the trial court of the need to instruct on a lesser included offense. He contends that the question of whether second degree arson is a necessarily lesser included offense of first degree arson is a question of first impression and that the per curiam opinion does not give trial judges any guidance when confronted with that issue.
We agree that we should set forth the basis of our ruling and that the question of whether second degree arson is a necessarily lesser included offense of first degree arson should be certified to the supreme court in order to obtain a final resolution of the matter and of the correctness of the schedule of lesser included offenses. A trial judge should be able to confidently rely on that schedule in giving his instructions.
This court originally per curiam affirmed this case because it was the unanimous opinion of the panel that second degree arson was not a necessarily included lesser offense of first degree arson. If second degree arson is a necessarily lesser included offense the failure to give an instruction on second degree arson would be error that is per se reversible as second degree arson is only one step removed from first degree arson, State v. Abreau, 363 So.2d 1063 (Fla. 1978).
The term "necessarily lesser included offense" is self-defining. If the *179 greater offense is proved the lesser offense is also necessarily proved. The lesser included offenses have no element that are not also necessarily a part of the proof of the greater offense. Therefore, if all essential elements of a lesser offense are included within the elements of the greater offense, the lesser offense is a necessarily included lesser offense. Section 806.01(1) first degree arson, does not include all of the elements of § 806.01(2) second degree arson, and the proof of first degree arson does not and cannot constitute proof of second degree arson. Proof of damage to any structure described in first degree arson would prevent the proof of second degree arson because second degree arson covers damage only to structures not described in first degree arson. In addition, first degree arson can be proved by damage to specified structures or their contents, but proof of damage to the contents in a structure described in first degree arson would not constitute proof of second degree arson because second degree arson requires proof of damage to a structure only. Therefore, second degree arson is not a lesser included offense of first degree arson. Bell v. State, 437 So.2d 1057 (Fla. 1983); Borges v. State, 415 So.2d 1265 (Fla. 1982); Larkins v. State, 476 So.2d 1383 (Fla. 1st DCA 1985); Benjamin v. State, 462 So.2d 110 (Fla. 5th DCA 1985).
Because second degree arson is listed as a necessarily lesser included offense of first degree arson in the schedule of lesser included offenses as approved by the Florida Supreme Court, and to resolve the conflict created by its inclusion in the schedule of lesser offenses and this opinion, we certify to the Florida Supreme Court the following question:
IS SECTION 806.01(2), FLA. STAT., SECOND DEGREE ARSON, A NECESSARILY LESSER INCLUDED OFFENSE OF § 806.01(1), FLA. STAT., FIRST DEGREE ARSON?
SMITH and MINER, JJ., concur.