KAHN, Judge.
Edward Lamont Thomas, convicted of attempted armed robbery, aggravated assault, and possession of cocaine, appeals from his convictions and sentences, raising two points. We affirm.
Appellant first claims error in the trial court’s refusal to grant a judgment of acquittal on the charge of attempted armed robbery. A criminal defendant moving for judgment of acquittal must accept the facts and inferences in a light most favorable to the state. Naumowicz v. State, 562 So.2d 710 (Fla. 1st DCA 1990), rev. denied, 576 So.2d 289 (Fla.1991). In reviewing the trial court’s ruling on a motion for judgment of acquittal, the task of this court is to determine whether the state produced competent evidence to support every element of the crime. Williams v. State, 531 So.2d 212 (Fla. 1st DCA 1988).
The evidence adduced at trial, viewed in light of the applicable standard of review, indicates that appellant confronted Raymond Massey on Park Street in Jacksonville. Massey had just emerged from a store where he cashed a check. Referring to this cash, Thomas told Massey to “give it up, give it up, give your money up.” Massey refused. Thomas then physically struggled with Massey, but Massey succeeded in breaking away. As Massey crossed the street, he looked back, saw Thomas pull out a gun, point it at Massey and fire. A Jacksonville police officer, who happened upon the scene, observed the struggle and also saw Thomas produce a pistol and fire a shot at Massey. Thomas now argues that the conviction for attempted armed robbery was improper, since he did not fire his weapon until after he had abandoned his attempt to relieve Massey of the cash. Armed robbery occurs when, in the course of committing a robbery, the offender carried a firearm or other deadly weapon. Section 812.13(2)(a), Fla.Stat. (1989). Since the state produced competent evidence that Thomas carried a gun during the attempted robbery, the conviction must be affirmed. Larkins v. State, 476 So.2d 1383 (Fla. 1st DCA 1985). It is indeed the act of carrying a weapon during the course of committing a robbery, as opposed to using the weapon, that justifies enhancement of the offense under section 812.13. See State v. Brown, 496 So.2d 194 (Fla. 3d DCA 1986) (defendant who took gun from victim and then fled from scene carrying the gun properly convicted of armed robbery).
Thomas next points out that he was a juvenile at the time of the instant offense, and relying upon Hammonds v. State, 543 So.2d 337 (Fla. 4th DCA 1989), claims that the trial court erred by failing to consider a predisposition report prior to sentencing. The record indicates, however, that the trial court followed the procedure set out by section 39.111(7), Florida Statutes (1989), in determining that adult sanctions were appropriate for Thomas. We acknowledge that the statute requires the court to consider a predisposition report. Section 39.111(7)(a) and (b), Fla.Stat. (1989). The record in the present case indicates that appellant’s trial lawyer was in receipt of the predisposition report at sentencing and expressly waived any exception or objections to that document. The predisposition report contained in the record was prepared by the Department of Health and Rehabilitative Services on July 9, 1990, four months before the trial and five months before the disposition hearing. Section 39.111(7) contains no requirement that the report be prepared after the trial. The Florida Juvenile Justice Act, Chapter 39, Florida Statutes (1989), clearly contemplates that in juvenile cases the predisposition report may in fact be prepared before the trial (adjudicatory hearing). Section 39.09(3)(a), Fla.Stat. (1989) (“the report shall be submitted to the court prior to the disposition hearing; but the report shall not be reviewed by the court without the consent of the child and his counsel until the child has been found to have committed *394 a delinquent act”). The trial court in this case considered and complied with all requisite statutory criteria in the course of sentencing Thomas as an adult. Appellant’s reliance on Hammonds, supra, is inappropriate since in that case no predisposition report was even available to the sentencing court.
The convictions and sentences are affirmed.
BOOTH and WOLF, JJ., concur.