648 So.2d 1210 (1995)
Clint A. JONES, Appellant,
v.
STATE of Florida, Appellee.
No. 93-3509.
District Court of Appeal of Florida, Fourth District.
January 11, 1995.
Richard L. Jorandby, Public Defender, and Gary Caldwell, Asst. Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee and Joseph A. Tringali, Asst. Atty. Gen., West Palm Beach, for appellee.
PER CURIAM.
We affirm appellant's conviction and sentence for robbery with a firearm in violation of section 812.13(2)(a), Florida Statutes (1993), rejecting his contention that the trial court erred in instructing the jury that appellant's knowledge of the codefendant's use of the firearm was not required in order to convict appellant.
The victim of this robbery and her friend both testified that they were in a parking lot talking when two men came from behind some bushes. The men passed but then turned around. One of them, appellant's codefendant, brandished a gun. At that point the friend saw appellant reaching for her purse, but the victim set off a personal alarm, dropped her own purse and everyone scattered. The appellant and his codefendant ran, with the codefendant picking up the dropped purse.
During jury deliberations the jury asked whether or not the appellant had to *1211 know whether the codefendant had a firearm in order to convict him of armed robbery. In answer to the question, the trial court informed the jury that
If a firearm is in the possession of a defendant's accomplice and the defendant aids and assists in the accomplice's commission of the crime of robbery with a firearm, then, the defendant's knowledge of the accomplice's possession of a firearm is not necessary for a defendant to be guilty of the crime of robbery with a firearm.
We find no error in the instruction. First, if any one participant in a robbery carried a firearm during the commission of the crime, all of the participants are guilty as principals under section 777.011, Florida Statutes (1993). See § 812.13(2)(a)(1993); Hicks v. State, 583 So.2d 1106 (Fla. 2d DCA 1991); Hough v. State, 448 So.2d 628 (Fla. 5th DCA 1984). Second, it is sufficient for the jury to find that appellant aided and abetted the codefendant to find him also guilty of any crime committed by the codefendant in pursuance of the common scheme. Davis v. State, 275 So.2d 575 (Fla. 1st DCA 1973). To be found guilty as a principal it is not necessary for the aider and abettor to know of every detail of the crime so long as there exists evidence of the aider's intent to participate. In the instant case, the victim's friend testified that appellant was grabbing for her purse when the victim's alarm went off. This sufficiently evinces an intent by the appellant to participate in the crime to uphold the jury's determination of his guilt. See Busch v. State, 355 So.2d 488 (Fla. 1st DCA 1978), vacated on other grounds, 446 U.S. 902, 100 S.Ct. 1826, 64 L.Ed.2d 255 (1980).
Appellant also complains that the trial court erred in admitting testimony concerning the use of the victim's stolen credit card at a store the day after the robbery. Such evidence was admissible pursuant to section 812.022, Florida Statutes (1993).
Affirmed.
GLICKSTEIN, WARNER and PARIENTE, JJ., concur.