662 So.2d 1369 (1995)
Valease JACKSON, Appellant,
v.
STATE of Florida, Appellee.
No. 94-3841.
District Court of Appeal of Florida, First District.
November 27, 1995.
*1370 Nancy A. Daniels, Public Defender; David P. Gauldin, Assistant Public Defender, Tallahassee, for Appellant.
Robert A. Butterworth, Attorney General; Daniel A. David, Assistant Attorney General, Tallahassee, for Appellee.
WEBSTER, Judge.
In this direct criminal appeal, appellant seeks review of both his conviction of armed robbery with a deadly weapon and his guidelines departure sentence. He claims that the trial court erroneously denied his motion to dismiss the count of the information charging armed robbery with a deadly weapon because, as a matter of law, the count failed to allege that offense; and that the reasons expressed by the trial court are insufficient to support the departure sentence imposed. We disagree and, accordingly, affirm.
To the extent relevant for purposes of this appeal, section 812.13, Florida Statutes (1993), reads:

*1371 (1) "Robbery" means the taking of money or other property which may be the subject of larceny from the person or custody of another, with intent to either permanently or temporarily deprive the person or the owner of the money or other property, when in the course of the taking there is the use of force, violence, assault, or putting in fear.
(2)(a) If in the course of committing the robbery the offender carried a firearm or other deadly weapon, then the robbery is a felony of the first degree... .
(Emphasis added.) The second count of the amended information filed against appellant alleged that:
[Appellant] on or about the 9th day of January, 1994 at and in Escambia County, Florida, did unlawfully by force, violence, assault or putting in fear, and with the intent to either permanently or temporarily deprive, take certain property, to-wit: United States currency, a wallet, credit cards, and other property, of the value of $300 or more the property of Herbert Findley as owner or custodian, from the person or custody of Herbert Findley and in the course of committing said Robbery, carried a deadly weapon, to wit: an automobile, in violation of Section 812.13(2)(a), Florida Statutes.
(Emphasis added.)
Appellant filed a motion to dismiss directed to the second count, asserting that, because "it is a physical impossibility for anyone to carry an automobile in the course of committing any robbery," the count "fail[ed] to allege a violation of Section 812.13(2)(a)." At the hearing on the motion, appellant's counsel argued that, pursuant to a plain reading of section 812.13(2)(a), the state is required to allege and prove that a defendant "carried a ... deadly weapon" "in the course of committing the robbery." According to defense counsel, because it is not physically possible for one to "carry" an automobile, the charge was legally insufficient, and must be dismissed. The trial court concluded that the word "carry" must be logically interpreted and that, if the evidence established that an automobile had been used as a weapon in the course of the robbery, the requirements of the statute would be satisfied. Accordingly, the trial court denied the motion to dismiss.
Reserving the right to appeal the denial of his motion to dismiss, appellant subsequently entered into a plea agreement, pursuant to which he pleaded no contest to the count charging armed robbery with a deadly weapon. The record establishes that appellant used an automobile to run down the victim, after which the victim's wallet was taken as he lay at the side of the road, seriously injured.
There is no question but that a motor vehicle may qualify as a "deadly weapon" if used as was the automobile in this case. E.g., Williamson v. State, 92 Fla. 980, 111 So. 124 (1926); McCullers v. State, 206 So.2d 30 (Fla. 4th DCA), cert. denied, 210 So.2d 868 (Fla. 1968); Solitro v. State, 165 So.2d 223 (Fla. 2d DCA 1964). Appellant does not argue to the contrary. Rather, as in the trial court, he contends that, because it is not physically possible for one to "carry" an automobile, the charge of armed robbery with a deadly weapon was legally insufficient, and should have been dismissed.
We agree with the trial court that the intended meaning of the word "carry," as used in section 812.13(2)(a), must be sought by use of logic and common sense. The verb "carry" has many meanings. One of the principal meanings ascribed to it is "to wear, hold, or have around one," in the sense of possessing. The Random House Dictionary of the English Language 319 (2d ed. 1987) (unabridged). We are of the opinion that ascribing such a meaning to "carry," as used in section 812.13(2)(a), is perfectly consistent with the obvious intent behind that statutory provision. See, e.g., State v. Webb, 398 So.2d 820, 824 (Fla. 1981) ("legislative intent is the polestar by which the court[s] must be guided" in statutory construction, even when at odds with "the strict letter of the statute"). It seems to us that the clear intent behind *1372 section 812.13(2)(a) is to deter the commission of robberies by persons possessing deadly weapons, and thereby to reduce the likelihood of death or serious injury to victims and bystanders. See, e.g., State v. Baker, 452 So.2d 927 (Fla. 1984) (punishment is enhanced under statute for possession of deadly weapon during commission of offense; use of weapon is not necessary).
One may be convicted of armed robbery with a deadly weapon if he or she is carrying the weapon at the time of the robbery, regardless of whether the weapon is used. E.g., Thomas v. State, 589 So.2d 392 (Fla. 1st DCA 1991). One may also be convicted of armed robbery with a deadly weapon if he or she steals the weapon in the course of the robbery. E.g., State v. Brown, 496 So.2d 194 (Fla. 3d DCA 1986). Indeed, one may be convicted of armed robbery with a deadly weapon if the weapon is carried by an accomplice during the robbery, notwithstanding lack of knowledge that the accomplice has the weapon. E.g., Jones v. State, 648 So.2d 1210 (Fla. 4th DCA 1995). To accept appellant's argument would lead to the anomalous result that, while one may be convicted of armed robbery with a deadly weapon in the circumstances just cited, he or she may not be convicted of that offense when a motor vehicle is actually used as a deadly weapon to run down the victim, thereby facilitating the robbery. We decline the invitation to construe section 812.13(2)(a) in a way which would produce such an absurd and unreasonable result. See Carawan v. State, 515 So.2d 161, 167 (Fla. 1987) (courts are obliged to avoid statutory constructions that produce absurd or unreasonable results). Accordingly, we conclude that the trial court correctly denied the motion to dismiss count two of the amended information.
The trial court expressed two reasons as support for the departure sentence: "victim suffered extraordinary physical and emotional trauma and permanent physical injury and was treated with particular cruelty [and appellant] occupied a leadership role in a criminal organization[,] exerting leadership over the remaining co-defendants." Appellant argues that both reasons are insufficient to support departure. We disagree. The first of the two reasons expressed is clearly a legally sufficient one, and was supported by a preponderance of the evidence, in the form of an "oral statement" by the victim. §§ 921.001(7), 921.0016(3)(l), Fla. Stat. (1993). Because the first reason supports the departure sentence, it is unnecessary to address the second. § 921.001(6), Fla. Stat. (1993) ("[w]hen multiple reasons exist to support a departure from a guidelines sentence, the departure shall be upheld when at least one circumstance or factor justifies the departure regardless of the presence of other circumstances or factors found not to justify departure").
AFFIRMED.
BOOTH and MINER, JJ., concur.