668 So.2d 284 (1996)
Eric NATION, Appellant,
v.
STATE of Florida, Appellee.
No. 94-3748.
District Court of Appeal of Florida, First District.
February 20, 1996.
*285 Nancy A. Daniels, Public Defender; David P. Gauldin, Assistant Public Defender, Tallahassee, for Appellant.
Robert A. Butterworth, Attorney General; Daniel A. David, Assistant Attorney General, Tallahassee, for Appellee.
MICKLE, Judge.
In this direct criminal appeal, the appellant seeks review of his conviction and sentencing order. We affirm his conviction and sentence and remand with instructions for the lower court to enter a written sentencing order.
The state charged him in Count I with attempted first-degree murder with the use of a weapon (striking the victim with an automobile), and in Count II with armed robbery, during the course of which the appellant "carried a deadly weapon, to-wit: the automobile." Defense counsel moved to dismiss Count II of the amended information on the grounds that because it is physically impossible for anyone literally to carry an automobile in the course of committing a robbery, the state had failed to allege a violation of the applicable statute, section 812.13(2)(a), Florida Statutes (1993). The trial court concluded that the word "carry" must be logically interpreted so that, if the evidence demonstrated that an automobile had been used as a weapon in the course of the robbery, the statutory requirements were met. Accordingly, the trial court denied the motion to dismiss.
Reserving the right to appeal the denial of his motion to dismiss, the appellant subsequently entered into a plea agreement, pursuant to which he pled no contest to the lesser-included offense of aggravated battery in Count I, and armed robbery in Count II. He received a guidelines sentence in accordance with the plea agreement. The record establishes that the appellant and his co-defendants used an automobile to run down the victim, seriously injuring the victim. The victim's wallet was taken as he lay at the side of the road.
In Issue I on appeal, the appellant argues that the trial court erred in denying his motion to dismiss as to Count II. We have addressed this identical issue in a recent opinion involving a co-defendant and have found the appellant's argument to be without merit. Jackson v. State, 662 So.2d 1369 (Fla. 1st DCA 1995). Accordingly, we conclude that the trial court correctly denied the appellant's motion to dismiss Count II.
In Issue II, the appellant contends that the trial court erred in failing to set forth specific written findings regarding his suitability for adult sanctions pursuant to section 39.059, Florida Statutes. The appellant asserts that we must vacate the sentence and remand the case for the lower tribunal to consider the suitability of adult sanctions, to make specific findings, and to enter a written order. The appellant was 17 years old in January 1994 when he committed the crime at issue. Section 39.059(7)(d), Florida Statutes (1993), formerly required the trial court to make specific written findings of fact relating to the criteria set forth in statutory subsection (7)(c), by providing in pertinent part:
(d) Any decision to impose adult sanctions shall be in writing and in conformity with each of the above criteria. The court shall render a specific finding of fact and the reasons for the decision to impose adult sanctions.

(Emphasis added.) The above provision was amended effective October 1, 1994, after the appellant committed his crime but before he was sentenced. Ch. 94-209, §§ 51, at 1307, and 150, at 1384, Laws of Fla. The amended statute provides:
(d) Any decision to impose adult sanctions must be in writing, but is presumed appropriate, and the court is not required to set forth specific findings or enumerate the criteria in this subsection as any basis for its decision to impose adult sanctions.

(Emphasis added.) In Thomas v. State, 662 So.2d 1334 (Fla. 1st DCA 1995), we held that, being procedural, the amendment was properly applied retroactively to the disposition *286 hearing of Thomas, a juvenile who had committed his offense prior to the effective date of the amendment but was sentenced afterwards. In accordance with Thomas, we conclude that the trial court did not err in failing either to set forth specific findings or to enumerate the statutory criteria for its decision to impose adult sanctions. Nevertheless, we hold, and the state concedes, that the case must be remanded for entry of a written order. Even under the amended statute, "[a]ny decision to impose adult sanctions must be in writing." § 39.059(7)(d), Fla.Stat. (Supp.1994). A written nunc pro tunc sentencing order will satisfy the requirements of the statute. Therefore, no new sentencing hearing is required, nor need the appellant be physically present in court for the merely clerical or ministerial function of entering a written order conforming to the oral pronouncement of the court. Davis v. State, 387 So.2d 490 (Fla. 1st DCA 1980).
AFFIRMING the conviction and sentence and REMANDING with instructions to enter a written sentencing order.
LAWRENCE, J., concurs.
ERVIN, J., specially concurs with written opinion.
ERVIN, Judge, specially concurring.
I concur with the result reached by the majority as to both issues; however, as to the first, pertaining to appellant's conviction for the offense of armed robbery, I concur only because I consider that I am bound to do so by the doctrine of stare decisis. A panel of this court recently issued its opinion in Jackson v. State, 662 So.2d 1369 (Fla. 1st DCA 1995), a companion case that involved one of appellant's co-defendants, deciding that armed robbery could be legally carried out by using an automobile to run down the victim before robbing him. Jackson determined that a logical and common sense definition of the word "carry," the past tense of which is used in section 812.13(2)(a), includes the terms "`to wear, hold, or have around one,' in the sense of possessing,"[1] and that such definition embraces driving an automobile. I cannot agree with the rationale of the Jackson decision.
Section 812.13, Florida Statutes (1993), defines robbery as follows:
(1) "Robbery" means the taking of money or other property which may be the subject of larceny from the person or custody of another, with intent to either permanently or temporarily deprive the person or the owner of the money or other property, when in the course of the taking there is the use of force, violence, assault, or putting in fear.
If the robbery is accomplished without the use of a firearm, deadly weapon or other weapon, it is proscribed as a second degree felony. § 812.13(2)(c), Fla.Stat. (1993). This, in my judgment, is the only robbery offense for which appellant can be lawfully convicted.
Section 812.13(2)(a) aggravates simple robbery to a first degree felony under the following specified circumstances:
(2)(a) If in the course of committing the robbery the offender carried a firearm or other deadly weapon, then the robbery is a felony of the first degree....
(Emphasis added.) The courts of this state have qualified motor vehicles as "deadly weapons" only in their interpretations of the aggravated assault statute, section 784.021, Florida Statutes (1993). See, e.g., Williamson v. State, 92 Fla. 980, 111 So. 124 (1926); McCullers v. State, 206 So.2d 30 (Fla. 4th DCA), cert. denied, 210 So.2d 868 (Fla.1968); Solitro v. State, 165 So.2d 223 (Fla. 2d DCA 1964). This statute describes aggravated assault as assault "[w]ith a deadly weapon." Such a construction involves a far different factual scenario from that at bar, as do those cases cited in Jackson approving convictions for armed robbery based on conduct involving carrying a weapon, but not using it during a robbery; stealing a weapon during the course of a robbery; or the carrying of a deadly weapon by an accomplice.[2]
*287 Finally, my conclusion that the act complained of here is not properly encompassed within the armed robbery statute is supported by applying several well-acknowledged statutory maxims. One in particular, ejusdem generis, is altogether relevant to the language used in section 812.13(2)(a). The above maxim states that where the enumeration of specific items is followed by a more general word or phrase, the general phrase is interpreted as referring to a thing of the same kind or species as is included within the earlier, more particular and limiting term. Hanna v. Sunrise Recreation, Inc., 94 So.2d 597, 599-600 (Fla.1957). Thus, if the more general words "or other deadly weapon," as used in the statute, are understood as being limited or modified by the preceding, more specific term "firearm," a proper construction of the latter means simply that a deadly weapon is one capable of being picked up and physically carried during its use in the course of a robbery.
Moreover, if, as believed by the majority in the case at bar and the panel in Jackson, the phrase "or other deadly weapon" is susceptible to a different, contrary interpretation, then another long-established maxim is equally applicable. The rule is clear that in those instances when a penal statute is so drawn as to leave its meaning in doubt, the courts are required to resolve the ambiguity in favor of the person who is sought to be penalized by the statute's operation. Ex parte Bailey, 39 Fla. 734, 742-45, 23 So. 552, 555 (1897).
For all of the above reasons, I would certify the following question to the supreme court as one of great public importance:
WHETHER THE ACTS OF DRIVING AN AUTOMOBILE IN SUCH A MANNER AS TO RUN THE VICTIM DOWN AND THEREAFTER ROBBING THE VICTIM CONSTITUTE ARMED ROBBERY BY CARRYING A DEADLY WEAPON UNDER SECTION 812.13(2)(a), FLORIDA STATUTES (1993)?
NOTES
[1] Jackson, 662 So.2d at 1371.
[2] Jackson, 662 So.2d at 1372 (citing Thomas v. State, 589 So.2d 392 (Fla. 1st DCA 1991); State v. Brown, 496 So.2d 194 (Fla. 3d DCA 1986); Jones v. State, 648 So.2d 1210 (Fla. 4th DCA 1995)).