676 So.2d 505 (1996)
Michael Kevin CRABB, Appellant,
v.
STATE of Florida, Appellee.
Nos. 95-4277, 95-4278.
District Court of Appeal of Florida, First District.
July 9, 1996.
Nancy A. Daniels, Public Defender; P. Douglas Brinkmeyer, Tallahassee, for Appellant.
Robert A. Butterworth, Attorney General; Douglas Gurnic, Assistant Attorney General, Tallahassee, for Appellee.
LAWRENCE, Judge.
Michael Kevin Crabb (Crabb), a juvenile,[1] appeals his adult sentence, entered without a written order addressing the reasons for imposing adult sanctions. We affirm in part, and reverse in part.
Crabb pleaded no contest, in case 95-2886, to battery on a law enforcement officer, and in case 95-4110, to armed burglary of a structure and to petit theft. Crabb committed these crimes on May 23, 1995, at the Pensacola Boys Base, in Escambia County. The trial judge sentenced Crabb to 17.5 months in prison on the felonies, and concurrently to jail for sixty days for the petit theft, without entering a written order imposing adult sanctions.
Crabb argues that the judge failed to consider juvenile sanctions. The record however shows otherwise. The record discloses that the judge, although juvenile sentencing was recommended, intentionally rejected this option. The judge orally stated:
The court has his prior record before it. It is a significant prior juvenile record. One charge also includes an escape March 17 of '95, and these charges arise out of an incident that occurred while he was in a juvenile facility. I believe the facts indicate *506 that he struck.... As I was saying, he struck an officer, an intake counselor at Boys Base, and then, while still in a juvenile facility, apparently either sold or gave to another inmate some drug that was not prescribed for that individual. The court considers that a guideline sentence is appropriate.
We therefore affirm the imposition of adult sanctions.
Crabb also argues that the judge erred by failing to enter a written order imposing adult sanctions; this point has merit. Section 39.059(7)(d), Florida Statutes (1995), provides: "Any decision to impose adult sanctions must be in writing, but is presumed appropriate, and the court is not required to set forth specific findings or enumerate the criteria in this subsection as any basis for its decision to impose adult sanctions." (Emphasis added.) This court moreover states:
[T]he trial court d[oes] not err in failing either to set forth specific findings or to enumerate the statutory criteria for its decision to impose adult sanctions. Nevertheless, we hold, and the state concedes, that the case must be remanded for entry of a written order.... A written nunc pro tunc sentencing order will satisfy the requirements of the statute. Therefore, no new sentencing hearing is required, nor need the appellant be physically present in court for the merely clerical or ministerial function of entering a written order conforming to the oral pronouncement of the court.
Nation v. State, 668 So.2d 284, 286 (Fla. 1st DCA 1996) (emphasis added). We therefore remand for entry of a written order conforming to the oral pronouncement of the court; Crabb need not be present in court for this ministerial function.
We thus affirm Crabb's convictions, and his adult sentence. We nevertheless remand with instructions that a written sentencing order be entered.
ALLEN and WEBSTER, JJ., concur.
NOTES
[1] Crabb was born on January 26, 1980.