COBB, Judge.
M.K.T., a juvenile, has appealed her convictions for aimed trespass while armed with a firearm in two vehicles — a Jeep and a Ford Explorer. Her argument on each charge is simple: there was no evidence that she, personally, ever carried any weapon during the incidents that gave rise to these charges in each case. She admits the trespasses but denies being armed. The state’s response is also simple: she was guilty as a principal for participating in the offenses with two accomplices who clearly were armed with firearms. We agree with the argument of the state. See Jones v. State, 648 So.2d 1210 (Fla. 4th DCA 1995).
We find merit, however, in the appellant’s contention that the trial court erred in this case by entering an order revoking her driving privileges for six months. The order was entered seven days after the instant appeal was filed, thereby depriving the trial court of jurisdiction. Moreover, M.K.T. was never charged or adjudicated delinquent for possession of a firearm by a minor under subsections 790.22(3) and (5), Florida ■ Statutes (1995). Accordingly, we quash the order of revocation of driving privileges entered by the trial court on March 8, 1996.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
HARRIS and THOMPSON, JJ., concur.