W. SHARP, Judge.
L.G. appeals from concurrent sentences imposed after he was found guilty of two separate offenses committed on different dates, and adjudicated delinquent. He was found guilty of assault on a school employee[1] in the first case and battery and resisting arrest without violence [2] in the second case. At the dispositional hearing held on November 12, 1996, the trial court imposed several conditions on L.G.’s concurrent sentences of one year on community control. The conditions were as follows: reside with his mother; attend anger counseling; maintain a 9:00 p.m. curfew; pay $50.00 court costs; and pay $150.00 attorney fees.
The trial court rendered an order of disposition and advised L.G. of his right to appeal. It also noted he was to “report tomorrow at Addiction Receiving Facility (ARF) — Follow All Recommendations.” The court further stated the case would be reviewed in two weeks, after it had the ARF recommendations. At a hearing held on November 27, 1996, the court required L.G. to comply with ARF’s evaluation, which included the additional conditions to his community control status: that he attend school; obtain a part-time job; and that his mother must attend a parenting class.
Initially L.G. notes that the written order of disposition places him on a two-year community control program rather than one year, as announced orally in court. At the November 12,1996 hearing, the judge stated “I’m going to adjudicate you on both of these charges, place you on community control as to each count for one year, each to run concurrent.” We agree with L.G. that the written order must conform to a clear and unambiguous oral pronouncement or sentence by the trial court. See also Robinson v. State, 689 So.2d 1147 (Fla. 4th DCA 1997); Murph v. State, 666 So.2d 197 (Fla. 2d DCA 1995); Bennett v. State, 588 So.2d 672 (Fla. *1339 1st DCA 1991); Avery v. State, 543 So.2d 296 (Fla. 5th DCA 1989).
L.G. also points out that the trial court erred when it imposed a public defender’s lien without notice to him and opportunity to be heard, which is mandated under Florida Rule of Criminal Procedure 3.720(d)(1). At neither hearing was a public defender’s lien mentioned or discussed; it was imposed in a written order dated November 12, 1996. And there is no evidence in the record, nor does the state allege, that L.G. or his attorney were even aware that such a lien had been imposed at the November 21, 1997 hearing. Without notice and opportunity to be heard on the assessment of attorney fees, the lien must be stricken. See Rodriguez v. State, 676 So.2d 50 (Fla. 5th DCA 1996).
Finally, L.G. argues that the court lacked jurisdiction to require that his mother, Mrs. Green, attend parenting classes. Indeed, the court’s intent and motive in this regard is admirable and understandable. Delinquent behavior by children is often linked to inadequate parenting skills.
However, the trial court lacks jurisdiction to require or enforce such an order against the parent. Seemingly the trial judge recognized this problem at the November 27th hearing when she noted it could only “suggest” Mrs. Green attend parenting classes. But, her attendance was included as a requirement in the conditions of the community control order. A breach of this condition is something L.G. could not control, and it would be fundamentally unfair to revoke his community control for its breach.[3]
L.G. also argues that the additional conditions contained in the November 27th order, requiring him to obtain employment and attend school every day are improper because a notice of appeal had been filed before the November 27th order was rendered. Fla. R.App. P. 9.600; Britt v. State, 687 So.2d 930 (Fla. 5th DCA 1997); M.K.T. v. State, 685 So.2d 995 (Fla. 5th DCA 1997).
We disagree. At all times in this case, it was clear to the parties that a subsequent hearing was to be held and that based on ARF’s recommendations, additional conditions of community control were contemplated. Thus the notice of appeal was prematurely filed, but it was sufficient to bring the order rendered on November 27, 1997, to this court for appellate review. Williams v. State, 324 So.2d 74 (Fla.1975)(notice of appeal filed prior to final order is prematurely filed). If the imposition of additional penalties in a case such as this is barred, the result would permit a defendant to thwart imposition of such penalties by filing a premature notice of appeal. This would condone abuse of the judicial process.
AFFIRMED in part; Order Revised to Conform to Oral One-Year Community Control Disposition; Public Defender’s Lien and Condition that Mrs. Green Attend Parenting Classes as a Condition of Community Control STRICKEN.
DAUKSCH and COBB, JJ., concur in part and dissent in part with opinions.

. § 231.06(1), Fla. Stat. (1995); Case Number JU96-8167.

. § §§ 784.03 and 843.02, Fla. Stat. (1995), Case Number JU96-7940.

. See, e.g., Rowles v. State, 682 So.2d 1184 (Fla. 5th DCA 1996) (no contact with child overly broad, risk of unintentional violation); Graham v. State, 658 So.2d 642 (Fla. 5th DCA 1995) (no contact with child provision overly broad, unintentional violation risk to defendant if inadvertently placed in work/social situation with child); Johnson v. State, 636 So.2d 792 (Fla. 5th DCA 1994) (condition that defendant be employed at least 35 hours per week invalid due to possibility that unavoidable outside events could restrict to less than 35 hours).