SHAW, Justice.
We have for review Green v. State, 691 So.2d 502 (Fla. 5th DCA 1997), based on conflict with Myers v. State, 696 So.2d 893 (Fla. 4th DCA 1997). We have jurisdiction. *260 Art. V, § 3(b)(3), Fla. Const. We approve the result in Green as explained herein.
Deno Green argued with his roommate on September 20, 1994, over use of the telephone. Green shot him and was convicted of attempted voluntary manslaughter with a handgun. His median recommended sentence [1] under the guidelines was 65.8 months, and his recommended range was between 49.35 and 82.25 months. The statutory maximum sentence for the offense was 60 months. The court sentenced him to 72 months and the district court affirmed. Green claims that trial court erred in sentencing him above the statutory maximum. We disagree.
We addressed this issue in Mays v. State, 717 So.2d 515 (Fla.1998), wherein we construed the 1994 amendment to the sentencing guidelines. We explained that if the guidelines sentence — i.e., the “true” recommended guidelines sentence — exceeds the statutory maximum, the court is authorized to impose the guidelines sentence. In the present case, the “true” recommended guidelines sentence, i.e., 72 months, exceeds the statutoiy maximum, i.e., 60 months. The court thus was authorized to exceed the maximum. We approve the result in Green on this issue.
It is so ordered.
HARDING, C.J., and OVERTON and WELLS, JJ., concur.
PARIENTE, J., concurs in part and dissents in part with an opinion in which KOGAN and ANSTEAD, JJ., concur.

. See § 921.0014, Fla. Stat. (1993) (explaining that the median recommended sentence is equal to "total sentence points minus 28”).