716 So.2d 821 (1998)
Sean McCALLISTER, Appellant,
v.
STATE of Florida, Appellee.
No. 97-4404.
District Court of Appeal of Florida, Fourth District.
August 19, 1998.
Richard L. Jorandby, Public Defender, and Joseph R. Chloupek, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Maximillian J. Changus, Assistant *822 Attorney General, Daytona Beach, for appellee.
GROSS, Judge.
Sean McCallister appeals two aspects of the sentence imposed after a jury found him guilty of attempted voluntary manslaughter with a firearm and shooting a deadly missile into an occupied vehicle. We affirm.
McCallister was driving to work when a car driven by the victim, Michelle Vrotny, cut him off. He began to chase her car, swerving in and out of traffic. As he continued driving, McCallister pointed a gun at Vrotny's head, and said "I'll blow your ... head off." Then he shot her in the head.
A neurosurgeon removed bullet fragments, bone fragments, hair, and skin from the wound. Vrotny regained consciousness a day or two after the surgery. She could not speak, follow simple commands, or move the right side of her body. She suffered permanent brain damage. In the future, Vrotny faces the possibility of an infection in her brain, although the risk will lessen over time. She has experienced seizures, a condition that will not subside. The victim testified that as a result of the shooting, she has lost her sense of smell and taste, suffers from memory loss, and continues to be paralyzed on her right side.
McCallister first contends that on the sentencing guidelines scoresheet, the trial court improperly scored attempted voluntary manslaughter with a firearm as a second degree felony.
Voluntary manslaughter is a second degree felony. See § 782.07(1), Fla. Stat. (1997). Attempted voluntary manslaughter is a third degree felony. See § 777.04(4)(d), Fla. Stat. (1997). However, attempted voluntary manslaughter is properly reclassified as a second degree felony where a jury specifically finds that the defendant used a firearm in the commission of the offense. See Brown v. State, 661 So.2d 309 (Fla. 1st DCA 1995) (attempted manslaughter with a firearm is a felony of the second degree); Ammons v. State, 623 So.2d 807 (Fla. 1st DCA 1993) (attempted manslaughter with a firearm is reclassified from a third degree felony to a second degree felony because the firearm was involved); Williams v. State, 596 So.2d 679 (Fla. 2d DCA 1991) (attempted manslaughter was enhanced by the use of a firearm to a second degree felony); § 775.087(1)(c), Fla. Stat. (1997).
Here, the jury found that defendant did "carry, display, use, threaten to use or attempt to use a firearm during the commission of" attempted voluntary manslaughter. Thus, count one was properly reclassified as a second degree felony.
On this issue, McCallister relies on Green v. State, 691 So.2d 502, 503 n. 1 (Fla. 5th DCA), approved, 715 So.2d 259 (Fla.). In Green, the fifth district noted that the defendant appealed his sentence imposed "for one count of attempted voluntary manslaughter with a firearm, a third degree felony." After its reference to the degree of felony, Green cited to sections 782.07 and 777.04(4)(d), without reference to section 775.087(1)(c), which provides for enhancement where a firearm is used in the commission of an offense. Section 775.087(1)(c) may not have been at issue in Green because of the way the crime was charged or tried. The felony classification of attempted voluntary manslaughter with a firearm was not analyzed in Green; it was simply part of the statement of facts. The supreme court's decision approving Green concerned the application of the sentencing guidelines and not the degree of the felony at issue in this case. See Green, 1998 WL at 394014. Because we find no express and direct conflict, we decline to certify conflict with Green pursuant to Florida Rule of Appellate Procedure 9.030(a)(2)(A)(iv).
On the second issue, the trial court's upward departure from the guideline sentence was based on section 921.0016(l), Florida Statutes (1997), in that the "victim suffered extraordinary physical or emotional trauma or permanent physical injury, or was treated with particular cruelty." The testimony of the neurosurgeon and the victim provided an ample factual basis for the sentence. Because this reason supports the departure sentence, it is not necessary to consider the court's alternative ground. See *823 Jackson v. State, 662 So.2d 1369, 1372 (Fla. 1st DCA 1995); § 921.001(6), Fla. Stat. (1997).
AFFIRMED.
FARMER and STEVENSON, JJ., concur.