NESBITT, J.
In August 1995, Manassah Paul and three other young men robbed the driver and passengers of a Metro-Dade bus. Paul was convicted of five counts of armed robbery, one count of burglary with assault or battery while armed, one count of aggravated battery, and one count of attempted armed robbery. In an upward departure from the guidelines, the trial judge sentenced Paul to life in prison. The reasons given for the upward departure were: (1) that the offense created substantial risk of death or great bodily harm to many persons; (2) that the victim was physically attacked in the presence of his family; and (3) that the offense consisted of an illegal act “committed by means of concealment, guile, or fraud.” See § 921.0016(3)(i),(m),(n), Fla. Stat. (1995). Paul appeals the upward departure, claiming that the aggravating circumstances were not supported by the evidence. We affirm.
First, we find that there was sufficient credible evidence below supporting the first two aggravating factors. By attacking the bus driver while the bus was in motion, Paul and his cohorts did place many persons at risk of great bodily harm. Paul also attacked one man in the presence of the man’s wife and young children. As to the third aggravating factor — that the offense was committed by “guile” — we agree with Paul that the evidence here does not support such a finding. The State points to the fact that the four cohorts involved in this robbery boarded the bus at two different stops, in effect “disguising” the fact that this was a gang of young thugs about to board the bus to conduct a robbery. Further, the State argued that the young men used their “status” as bus passengers to conduct the crimes. We do not agree with the State that the instant facts amounted to “concealment, guile, or fraud.” Guile is defined as “deceitful cunning; craft and treachery.” We simply do not believe that these facts amount to this, nor do we believe that section 921.0016(3)(n) was intended to apply to such facts.[1]
However, our disagreement with the trial court on this third aggravating factor does not prevent our affirming the court’s upward departure of Paul’s sentence. By both statute and precedent, Florida law has established that only one supported reason is necessary for an upward departure of a sentence. See section 921.001(6), Florida Statutes (1995), which states, in part:
When multiple reasons exist to support a departure from a guidelines sentence, the departure shall be upheld when at least one circumstance or factor justifies departure regardless of the presence of other *226 circumstances or factors found not to justify departure.
See also McCallister v. State, 716 So.2d 821, 822 (Fla. 4th DCA 1998); Jackson v. State, 662 So.2d 1369, 1372 (Fla. 1st DCA 1995). Therefore, because we find that the other aggravating factors were supported, we affirm the upward departure of Paul’s sentence to life imprisonment.

. Given the language in section 921.0016(3)(n), its focus seems to us to be on economic crimes committed by guile, such as fraud or confidence schemes.