GRIFFIN, J.
Charles Waddy appeals the judgment and sentence imposed after a jury found him guilty of two counts of attempted manslaughter. Waddy contends that the court erred (1) in allowing certain expert testimony; (2) in denying his motion for mistrial, (3) in denying his motion for a judgment of acquittal; and (4) in sentencing him consecutively and in excess of the statutory maximum. We find no merit to any of these claims and affirm.
As to the first issue, the trial court did not abuse its discretion in allowing the testimony of Chris Trumble. There was testimony from several witnesses regarding the location the muzzle fire came from. Trumble’s measurements were based on information provided by witnesses at the scene and by officers who had investigated the scene the night of the shooting.
As to the second issue, we agree with the State that the error, if any, in Woods’s testimony was both invited and harmless. Woods identified Holland as a source of information only after being repeatedly asked by defense counsel to name those who had provided information as to the shooters’ location in the woods. The trial court did not abuse its discretion in denying Woods’s motion for mistrial. See, e.g., Gorby v. State, 630 So.2d 544, 547 (Fla.1993), cert. denied, 513 U.S. 828, 115 S.Ct. 99, 130 L.Ed.2d 48 (1994).
Waddy also contends that the court erred in denying his motion for a judgment of acquittal. Waddy argues that his convictions for attempted manslaughter are contrary to the law and the weight of the evidence. He avers that the State failed to present direct or circumstantial evidence that he intended to participate in the crime and failed to show that he committed an act which was intended to cause the death of the victims. The State responds first that Waddy did not preserve this argument for review because it was not made below.
Assuming arguendo that this issue has been preserved, the State is correct that Waddy’s motion was properly denied. Waddy admitted participating in the shootings. He admitted that Holland had expressed an intent to kill Shade, and he went to the woods with Holland and De-laine and fired shots, thus, participating in the crime.
*149 Finally, Waddy argues that he was im-permissibly sentenced to consecutive sentences and that the 122.6-month sentence is illegal because it exceeds the statutory maximum by 2.6 months. The scoresheet that was used at sentencing yielded a maximum guidelines sentence of 122.6 months. Waddy was sentenced to 5 years (60 months) on count I and 5 years and 2.6 months (62.6 months) on count II, for a total of 122.6 months — the guideline maximum. Subsection 921.001(5), Florida Statutes (1997), provides in part that “[i]f a recommended sentence under the guidelines exceeds the maximum sentence authorized by s. 775.082, the sentence under the guidelines must be imposed, absent a departure.” See also Mays v. State, 717 So.2d 515 (Fla.1998); Green v. State, 715 So.2d 259 (Fla.1998).
AFFIRMED.
COBB and PETERSON, JJ., concur.