ALLEN, Judge.
The state appeals departure sentences which were imposed under the Florida Rule of Criminal Procedure 3.702 sentencing guidelines without a written statement delineating the reasons for departure as required by rule 3.702(d)(18) and section 921.0016(l)(c), Florida Statutes (1993). Although the court reviewed the guidelines scoresheet and initially indicated that a recommended guidelines sentence would be imposed, the court thereafter ascertained that the appellee was being sentenced in connection with a third degree felony and imposed the lesser maximum sentences authorized therefor under section 775.082(3)(d), Florida Statutes (1993). However, section 921.001(5), Florida Statutes (1993) provides that:
If a recommended sentence exceeds the maximum sentence otherwise authorized by s. 775.082, the sentence under the guidelines must be imposed, absent a departure.
See also § 921.0014(1), Fla.Stat. (1993). Because the court improperly imposed departure sentences without the required written statement, the sentences are vacated and the case is remanded for resentencing. See Pope v. State, 561 So.2d 554 (Fla.1990). In accordance with Pope and section 921.001(5), on remand the court must impose sentences within the presumptive range under the guidelines.
MICKLE and LAWRENCE, JJ., concur.