691 So.2d 502 (1997)
Deno S. GREEN, Appellant,
v.
STATE of Florida, Appellee.
No. 96-394.
District Court of Appeal of Florida, Fifth District.
March 7, 1997.
Rehearing Denied April 17, 1997.
*503 James B. Gibson, Public Defender, and Dee R. Ball, Assistant Public Defender, Daytona Beach, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Belle B. Turner, Assistant Attorney General, Daytona Beach, for Appellee.
COBB, Judge.
Deno Green appeals the sentence imposed for one count of attempted voluntary manslaughter with a firearm, a third degree felony.[1] Green scored 93.8 total sentence points on the guidelines scoresheet, which resulted in a recommended state prison term of 65.8 months. He was sentenced to 72 months' incarceration with credit for time served. Green argues that the trial court erred by imposing a sentence in excess of the five year statutory maximum for a third degree felony. See § 775.082(3)(d), Fla.Stat. (1995). He acknowledges that subsection 921.001(5) authorizes a trial court to exceed the maximum sentence otherwise permitted by section 775.092; however, Green contends that where the recommended range encompasses the statutory maximum, the statutory maximum constitutes the maximum allowable sentence.
Section 921.001(5) of the Florida Statutes provides in pertinent part:
Sentences imposed by trial court judges under the 1994 revised sentencing guidelines on or after January 1, 1994, must be within the 1994 guidelines unless there is a departure sentence with written findings. If a recommended sentence under the guidelines exceeds the maximum sentence otherwise authorized by s. 775.082, the sentence under the guidelines must be imposed, absent a departure. If a departure, with written findings, is imposed, such sentence must be within any relevant maximum sentence limitations provided in s. 775.082. (Emphasis added).
See also, Gardner v. State, 661 So.2d 1274 (Fla. 5th DCA 1995) (rejecting the arguments that section 921.001(5) deprived a defendant of due process by failing to provide adequate notice and violates judicial rule-making authority).
Green's "total sentence points," as defined by Florida Rule of Criminal Procedure 3.702(d)(15), aggregated 93.8 points, which total represents, after deducting 28 points pursuant to Rule 3.702(d)(16), a recommended state prison term of 65.8 months. The sentence imposed on Green of 72 months did not deviate from the recommended sentence of 65.8 months by more than 25% (i.e., 16.45 months); therefore, subsection (d)(18) of the rules did not require the trial court to accompany its sentence with a written statement *504 delineating the reasons for departure. There was no departure.
There is no conflict between the 72-month sentence and the provisions of section 921.001(5), Florida Statutes, quoted above. The trial court did impose a "sentence under the guidelines" (see emphasized language of the statute quoted above) when it imposed 72 months. There was no departure sentence in this case, either under the rule or under the statute. A "departure" from a "recommended guidelines sentence" occurs when the sentence imposed varies by more than 25% from a calculated specific number of 12 or above arrived at by subtracting 28 points from the "total sentence points." §§ 921.0014(2), 921.0016(1), Fla.Stat.; Fla. R.Crim.P. 3.702(d)(15) & (16). A sentence which deviates from this specific number by less than 25% is a permissible "variation," not a "departure." § 921.0016(1)(b), Fla.Stat. The word "departure" in Rule 3.702(18) and the term "departs from" in (18)(a) have the same meaning as the word "departure" has in section 921.0016 and these terms do not encompass those variations from the recommended guidelines sentence which are permitted without stated reasons. See, e.g., Delancy v. State, 673 So.2d 541 (Fla. 3d DCA 1996).
The emphasized line from section 921.001(5) quoted above should read, for purposes of clarity, as follows: "If the recommended sentence under the guidelines exceeds the maximum sentence otherwise authorized by s. 775.082, a sentence under the guidelines must be imposed, absent a departure." It would appear, from a grammatical standpoint, that the articles in the foregoing sentence are misplaced in the printed statute.
AFFIRMED.
W. SHARP and GOSHORN, JJ., concur.
NOTES
[1] §§ 782.07, 777.04(4)(d), Fla.Stat. (1995).