693 So.2d 52 (1997)
Albert L. MAYS, Appellant,
v.
STATE of Florida, Appellee.
No. 96-1621.
District Court of Appeal of Florida, Fifth District.
March 21, 1997.
Rehearing Denied May 9, 1997.
James B. Gibson, Public Defender, and Rebecca M. Becker, Assistant Public Defender, Daytona Beach, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Robin A. Compton, Assistant Attorney General, Daytona Beach, for Appellee.
HARRIS, Judge.
In this "hot issue" of the day, Albert L. Mays appeals his sentence imposed under the guidelines but in excess of the statutory maximum. We affirm.
Mays was convicted of a third degree felony and, under the sentencing guidelines, his recommended sentencing range was 50.85 months to 84.75 months incarceration, with a recommended sentence of 67.8 months. Even though generally the statutory limit for *53 a third degree felony is five years, the court sentenced Mays to 70 months incarceration.
Mays recognizes that the sentencing guidelines provide:
If the recommended sentence under the sentencing guidelines exceeds the maximum sentence authorized for the pending felony offenses, the guideline sentence must be imposed, absent a departure. Such downward departure must be equal to or less than the maximum sentence authorized by section 775.082.
Rule 3.703(d)(26), Fla.R.Crim.Pro.
Mays contends, however, that since the five-year statutory limitation is within the recommended sentencing range, the abovecited rule does not apply. But that is not the test. Clearly the sentencing range, or at least a portion of it that is available to the sentencing judge, exceeds the statutory maximum and takes the sentencing outside the limitation imposed by the general sentencing statute. This issue has been ably decided by the Third District in Martinez v. State, 692 So.2d 199 (Fla. 3d DCA 1997), and we concur with that court's reasoning.
AFFIRMED.
DAUKSCH and COBB, JJ., concur.