696 So.2d 893 (1997)
Michael MYERS, Appellant,
v.
STATE of Florida, Appellee.
No. 96-1785.
District Court of Appeal of Florida, Fourth District.
June 25, 1997.
Rehearing and Clarification Denied July 23, 1997.
Richard L. Jorandby, Public Defender, and Louis G. Carres, Assistant Public Defender, West Palm Beach, for appellant.
*894 Robert A. Butterworth, Attorney General, and Melynda L. Melear, Assistant Attorney General, West Palm Beach, for appellee.
FARMER, Judge.
Today we confront the punitive calculus effected by the 1993 and 1994 revisions to the sentencing guidelines.[1] After analyzing the pertinent statutory text, we reverse the sentences imposed in this case. In so doing, we have not lightly rejected the construction placed on the same statutes by two other District Courts of Appeal and thus certify conflict.
First, the necessary facts. Defendant pleaded guilty to 3 counts of sexual battery (without great force) and 2 counts of battery on a person 65 or older.[2] His guidelines scoresheet reflects the following assessments of points. First, he scored 74 points for the primary offense of sexual battery, a level 8 offense. Next he scored 19.2 points for the two other sexual batteries as additional offenses and 7.2 points for the two counts of battery on a person 65 or older. Then for victim injury, he scored 128 points determined as follows: 40 points each for the three sexual battery counts involving penetration; and 4 points each for slight victim injury for the two battery counts. His prior juvenile record added an additional .6 point. In the end, his guidelines scoresheet showed a total of 229 points. On the basis of this scoresheet, his sentence computation is 201 state prison months, or 16.75 years.
The trial court imposed a sentence of 18 years on each of the sexual battery counts, and a sentence of 5 years on each of the counts of battery on a person 65 or older. The 18 year sentences for sexual battery were to be followed by 2 years of community control and 8 years of probation. All sentences are to run concurrently. This was not a departure sentence with written reasons; rather it was imposed as a straight guidelines sentence.
Defendant begins his argument on appeal by pointing to section 921.001(5), Florida Statutes (Supp.1994), which provides as follows:
"(5) Sentences imposed by trial court judges under the 1994 revised sentencing guidelines on or after January 1, 1994, must be within the 1994 guidelines unless there is a departure sentence with written findings. If a recommended sentence under the guidelines exceeds the maximum sentence otherwise authorized by s. 775.082, the sentence under the guidelines must be imposed, absent a departure. If a departure sentence, with written findings, is imposed, such sentence mustbe within any relevant maximum sentence limitations provided in s. 775.082. The failure of a trial court to impose a sentence within the sentencing guidelines is subject to appellate review pursuant to chapter 924. However, the extent of a departure from a guidelines sentence is not subject to appellate review." [e.s.]
Next he asserts that section 775.082(3)(c), Florida Statutes (Supp.1994), prescribes 15 years as the maximum sentence for these sexual battery convictions.[3] Counsel then argues as follows:
"The sentences of 18 years are illegal because the `guideline recommended sentence' was not in excess of the statutory maximum. Under the terms of the statute the court below could not impose sentence beyond the statutory maximum allowed by section 775.082. The statute uses the term `guideline recommended sentence' without specifically defining that term. In order to effectuate its procedure the statute refers to the guidelines. The guidelines are contained *895 in the Rules of Criminal Procedure, specifically as applicable to the present case Rule 3.702 (1994). There the term, `recommended sentence' is used to mean the sentencing range that the trial court must utilize absent a departure. The term `presumptive sentence' is not used in the Rule. The presumptive sentence is defined by the statute as the guideline score converted into the same number of months to be served. Thus, the `guideline recommended sentence' in this case is not the 16 years but the range between 12 and 20 years and thus it was not necessary to exceed the maximum statutory sentence to impose a guideline sentence. A sentence could have been imposed within both the statutory maximum and within the guidelines recommended range. The 16 years is the `presumptive sentence' which has no meaning as far as the statutory authority in section 921.001(5) to impose sentence in excess of the statutory maximum."
There are a number of misconceptions in this argument which require a word or two.
First, the guidelines are adopted by and contained in the statutes, namely chapter 921, Florida Statutes. The Rules of Criminal Procedure repeat the substantive provisions of the statutes in the effort to implement them. We look to the statutes, however, for the meaning and content of the sentencing guidelines, not the rules. Any doubt as to the accuracy of the foregoing analysis is laid to rest in Smith v. State, 537 So.2d 982 (Fla.1989), where the court said:
"rules 3.700 and 3.988 as originally enacted in 1983 were invalid. Whether this case is viewed as one involving a legislative power which cannot be delegated or one in which the legislature failed to provide sufficiently ascertainable standards under which the delegation of authority could be sustained, we are convinced that section 921.001 did not legally authorize this Court to promulgate the grid schedules and recommended ranges for sentencing. Even though the legislative and judicial branches were working together to accomplish a laudable objective, the fact remains that by enacting rules which placed limitations upon the length of sentencing, this Court was performing a legislative function. Moreover, while section 922.001 mandated the establishment of rules to reduce the disparity in sentencing, the delegation of authority provided little or no guidance concerning how the schedules were to be prepared or the criteria to be considered in determining the recommended ranges.
"Our holding does not mean that the sentencing guidelines are now invalid. When the legislature adopted rules 3.701 and 3.988 in chapter 84-328, the substantive/procedure problem was resolved because the rules then became a statute. This practice has been followed thereafter when the legislature has chosen to adopt new Supreme Court rule changes."
537 So.2d at 987. This is precisely the rationale used recently by the fifth district in rejecting the same kind of argument in Gardner v. State, 661 So.2d 1274 (Fla. 5th DCA 1995), where the court stated:
"Gardner further challenges the validity of section 921.001(5), arguing that the legislature improperly vested the Sentencing Guidelines Commission with rule-making authority on a matter of substantive law. He contends that the rule-making authority resulted in the enactment of section 921.001(5), which authorizes the imposition of sentences in excess of the statutory maximum. This argument fails, because the enactment of section 921.001(5) was an act of the legislature, not a rule or regulation of the sentencing commission."
661 So.2d at 1276. Consequently, there can be no serious contention that we should look to the rules for the substance and content of the sentencing guidelines.
Second, although the definitional provisions of the sentencing guidelines, see section 921.0011, Florida Statutes (1993), do not contain a specific definition of the term "recommended guidelines sentence", another statute does specify the content underlying the term. Section 921.0014(2) provides as follows:
"(2) Recommended sentences:

"If the total sentence points are less than or equal to 40, the recommended sentence shall not be a state prison sentence; however, the court, in its discretion, *896 may increase the total sentence points by up to, and including, 15 percent.
If the total sentence points are greater than 40 and less than or equal to 52, the decision to incarcerate in a state prison is left to the discretion of the court.
If the total sentence points are greater than 52, the sentence must be a state prison sentence calculated by total sentence points. A state prison sentence is calculated as follows:

State prison months = total sentence points minus 28.
The recommended sentence length in state prison months may be increased by up to, and including, 25 percent or decreased by up to, and including, 25 percent, at the discretion of the court. The recommended sentence length may not be increased if the total sentence points have been increased for that offense by up to, and including, 15 percent. If a recommended sentence under the guidelines exceeds the maximum sentence otherwise authorized by s. 775.082, the sentence recommended under the guidelines must be imposed absent a departure.
If the total sentence points are equal to or greater than 363, the court may sentence the offender to life imprisonment. An offender sentenced to life imprisonment under this section is not eligible for any form of discretionary early release, except pardon, executive clemency, or conditional medical release under s. 947.149." [e.s.]
See § 921.0014(2), Florida Statutes (Supp. 1994). Under section 921.0014(2), the nature of the recommended sentence depends on the total points assessed: if the points are under 40, the court may not sentence to state prison but may increase the point total by up to 15%; if the points are between 40 and 52, the court may in its discretion imprison; if the points are greater than 52 the court must imprison; and if the points are greater than 362 the court may imprison for life. Here the points were 229, so the recommended sentence is therefore 201 months, or 16.75 years.
The highlighted text of section 921.0014(2), above, also demonstrates the error in defendant's argument "that the term `recommended sentence' is used to mean the sentencing range that the trial court must utilize absent a departure." [e.s.] In reality, under this statute the recommended sentence is the precise number of months, expressed in this case (where the total exceeds 52) as 229 minus 28. The "recommended sentence" of 201 months is thus a specific sentence of a precise, fixed number of months, and not a range. Yet defendant's argument about a "guidelines range" reveals the nub of the problem we face today.
To address that problem, we must return to the text of section 921.001(5), which for the sake of convenience we quote once again:
"(5) Sentences imposed by trial court judges under the 1994 revised sentencing guidelines on or after January 1, 1994, must be within the 1994 guidelines unless there is a departure sentence with written findings. If a recommended sentence under the guidelines exceeds the maximum sentence otherwise authorized by s. 775.082, the sentence under the guidelines must be imposed, absent a departure. If a departure sentence, with written findings, is imposed, such sentence must be within any relevant maximum sentence limitations provided in s. 775.082. The failure of a trial court to impose a sentence within the sentencing guidelines is subject to appellate review pursuant to chapter 924. However, the extent of a departure from a guidelines sentence is not subject to appellate review." [e.s.]
As we have already showed, the points in this case yield a state prison sentence greater than the maximum authorized by section 775.082(3)(c). Under the first highlighted sentence in the above quote, the trial court must impose a sentence of imprisonment for the guidelines period greater than section 775.082, unless the trial court is prepared to impose a departure sentence. But, as the second highlighted sentence shows, a departure sentence must itself not exceed "the maximum sentence limitations provided in s. 775.082."
We must attempt to harmonize these two provisions. When the recommended sentence under the guidelines already exceeds *897 the section 775.082 maximum, it appears from this text that the only kind of departure sentence authorized is a mitigating departurei.e., a sentence less than the guidelines range at the lower end. That, in turn, reveals yet another anomaly. If the imposition of the recommended sentence greater than the section 775.082 maximum is truly mandatory, "the sentence under the guidelines must be imposed," then the usual discretion to sentence within a range of plus 25% of the recommended sentence has been, to that extent, taken away.
Yet that appears to be precisely what the legislature intended by the exact text it employed. In other words, when the recommended sentence is greater than the section 775.082 maximum, the sentencing judge has two alternatives: (1) impose the recommended sentence, or (2) instead impose a mitigating departure sentence. The statute appears to allow no discretion to exceed a recommended sentence greater than the section 775.082 maximum by the 25% period. This makes some sense if one supposes that the legislature intended to require more severe punishment on one whose recommended sentence exceeds the section 775.082 maximum. But then why allow a mitigating departure at all, or any sentence below the ordinary guidelines range?
The statutory text offers no explanation for that anomaly. The role of judges, however, is not to concern ourselves with statutory anomalies in sentencing statutes unless they create constitutional defects or are ambiguous. Judges are bound, however, by the rule of lenity in section 775.021(1).[4] Under the rule of lenity, if any of the terms in the sentencing guidelines statutes are capable of more than one meaning, we are obligated to choose the construction favoring the defendant. If the statute is clear and lacks any constitutional defect, it must be enforced even if anomalous. Therefore the resolution of anomalies in unambiguous but constitutional provisions is for the substantive judgment of legislators.
Applying this clear statutory text, we specifically reject the state's argument that the guidelines authorize a trial court to enhance a recommended sentence by a period of up to 25% when the recommended sentence is greater than the section 775.082 maximum. Both section 921.001(5) and section 921.0016(1)(e) are very clear that a departure sentence may not exceed the section 775.082 maximum. See § 921.001(5) ("If a departure sentence, with written findings, is imposed, such sentence must be within any relevant maximum sentence limitations provided in s. 775.082."); and § 921.0016(1)(e) ("A departure sentence must be within any relevant maximum sentence limitations provided by s. 775.082."). Moreover, both sections 921.001(5) and 921.0014(2) expressly require the imposition of a recommended sentence greater than the section 775.082 maximum. See § 921.001(5) ("If a recommended sentence under the guidelines exceeds the maximum sentence otherwise authorized by s. 775.082, the sentence under the guidelines must be imposed, absent a departure." [e.s.]), and § 921.0014(2) ("If a recommended sentence under the guidelines exceeds the maximum sentence otherwise authorized by s. 775.082, the sentence recommended under the guidelines must be imposed absent a departure."). While the 25% range from the recommended sentence is discretionary, there is nothing in the text clearly specifying that the 25% range may be used to increase the recommended sentence further beyond the section 775.082 maximum. In contrast, as we have just seen, there is specific authorityin fact, a mandatory directionto impose a recommended sentence greater than the section 775.082 maximum, but that authorization is limited to a recommended sentence and does not include the discretionary authority to enhance a recommended sentence within the 25% range. The absence of express textual authority to impose a discretionary range enhancement up to 25% greater than a recommended sentence that is itself greater than the section 775.082 maximum leads us *898 to the conclusion that there is no such authority.
We also note a subtle difference in the texts of section 921.001(5) and section 921.0014 as regards the imposition of a recommended sentence greater than the section 775.082 maximum. Section 921.001(5) states that:
"If a recommended sentence under the guidelines exceeds the maximum sentence otherwise authorized by s. 775.082, the sentence under the guidelines must be imposed, absent a departure."
Section 921.0014 states:
"If a recommended sentence under the guidelines exceeds the maximum sentence otherwise authorized by s. 775.082, the sentence recommended under the guidelines must be imposed absent a departure."
In section 921.001(5), the pertinent term is "under the guidelines," while in section 921.0014 the term is "recommended under the guidelines." Because different formulations of words are employed in the two provisions, it is tempting to construe them differently. In context, however, it is apparent that both must have the same essential meaning.
In both provisions the legislature is referring to the raw "recommended sentence" and not to a sentence within the allowable 25% range. This is made clear by the careful specification in both provisions that "the sentence under the guidelines" [e.s.] must be imposed even though it exceeds the maximum provided in section 775.082. If the legislature had intended that the trial court could impose a recommended sentence that already exceeds the section 775.082 maximum by an additional 25%, the framework and text of the entire chapter strongly indicate that it would have worded the mandatory recommended sentence provision in both section 921.001(5) and section 921.0014(2) explicitly to include the additional 25% discretionary authority. Because in neither formulation did the legislature add any words that convey that precise meaning, it follows that the recommended sentence that must be imposed when it exceeds section 775.082 is the unenhanced version without the additional 25%.
There is another aspect of these statutes that points to the same construction. Both section 921.0014 and section 921.0016 contain the authorization to vary the recommended sentence by up to 25%. Under the text of both of these provisions, sentencing within the allowable plus or minus 25% range is supposed to be entirely discretionary with the sentencing judge. In other words this variance is not mandatory. The state reads the provision authorizing adjustments to the recommended sentence within the 25% range to allow the trial court to adjust a recommended sentence that is greater than the section 775.082 maximum by even an additional 25%. Such a reading creates an intolerable ambiguity. On the one hand, what is expressly written as a mandatory imposition, "must be imposed," would be then coupled with a purely discretionary addition, resulting in a statutory conflict. Is the judge truly required to impose the recommended sentence if the judge has discretion to enhance it upwards by an additional 25%? And if the judge has the discretion to enhance it, why not also the discretion to mitigate it within the usual range? As we have just stated, we are unable to find anything in the statutory text that authorizes such a discretionary enhancement further beyond the section 775.082 maximum.
We emphasize that we have no quarrel with the concept of the "wandering" maximum sentence now employed in the 1994 revision of the guidelinesby which we refer to the authority to impose a recommended sentence greater than the section 775.082 maximum. This has the effect of increasing the maximum penalty set forth in section 775.082 by a period calculated in accordance with the defendant's prior record of convictions and the nature and circumstances of the sentencing offense. Because every defendant is presumed to know the law and has actual knowledge of one's own criminal history, not to mention the facts of the primary and additional sentencing offenses, there is no possible claim of lack of notice as to the guidelines maximum that will be imposed for these offenses.
*899 We expressly reject defendant's contention that, because there is nothing in section 775.082 that would give him notice to "check" chapter 921, he lacked notice of the precise penalty imposed on him. One is charged with knowledge of all the Florida Statutes, not merely the one that favors a party in litigation. We take express note of section 775.082(8), which provides in part that "a reference to this section constitutes a general reference under the doctrine of incorporation by reference." This provision should alert the reader to the likelihood that section 775.082 has been incorporated into other statutes. Thus, when the statutes in chapter 921 refer to section 775.082, as sections 921.001(5) and 921.0014(2) expressly do, they have incorporated it by reference. The mere fact that section 775.082 itself does not expressly refer to sections 921.001(5) and 921.0014(2) does not render any of these statutes indefinite or unclear. Moreover, there is nothing indefinite about sections 921.001(5) and 921.0014(2), and certainly no uncertainty of the kind forbidden by article I, section 17, of the Florida Constitution.
The state calls our attention to the recent decisions in Martinez v. State, 692 So.2d 199 (Fla. 3d DCA 1997); and Mays v. State, 693 So.2d 52 (Fla. 5th DCA 1997), and suggests thereby that the sentence in this case was proper. In Martinez the court considered on motion for rehearing virtually the same issue we confront in this case. There is an important difference in that the recommended sentence in Martinez was within the section 775.082 maximum, while here it exceeds it. But the trial judge in Martinez elected to enhance the recommended sentence within the 25% permitted variance, and the enhanced sentence then exceeded the section 775.082 maximum. In approving this variation, the third district reasoned:
"In our view, the defendant argues a distinction without a legal difference. Under subsection 921.0014(1), Florida Statutes (1993), `The recommended sentence length in state prison months may be increased by up to, and including, 25 percent or decreased by up to, and including, 25 percent, at the discretion of the court.' The recommended sentence is, therefore, the full range from minus 25 percent to plus 25 percent. It is accurate to describe this as a recommended range, and the term `range' continues to be used elsewhere in the guidelines statute. See id. § 921.001(6) (referring to `the range recommended by the guidelines').
"After defining the `recommended sentence,' id. § 921.0014(1), to include the 25 percent increase and 25 percent decrease, the statute goes on to say, `If a recommended sentence under the guidelines exceeds the maximum sentence otherwise authorized by s. 775.082, the sentence recommended under the guidelines must be imposed absent a departure.' Id. § 921.0014(1). When increased by 25 percent, the defendant's recommended sentence was 7.7 years, which exceeds the 5-year legal maximum. The trial court was entitled to impose the sentence that it did."
692 So.2d at 204. See also Mays v. State, 693 So.2d 52 (Fla. 5th DCA 1997) (recommended sentence less than section 775.082 maximum; sentence imposed greater than maximum but within 25% variance range; sentence affirmed on basis of Martinez ).
We do not agree that section 921.0014(2) defines recommended sentence to include the 25% variance range. Section 921.0016(1)(a) provides that: "The recommended guidelines sentence provided by the total sentence points is assumed to be appropriate for the offender." [e.s.] Hence the recommended sentence is the one "provided by the total sentence points." A sentence that varies from the recommended sentence by plus or minus 25% is a variation sentence, or a sentence within the guidelines range, but it is not "the recommended sentence provided by the total sentence points." As we have previously explained, we construe the quotation in Martinez taken from section 921.0014(1)[5] "If a recommended sentence under the guidelines exceeds the maximum sentence otherwise authorized by s. 775.082, the sentence *900 recommended under the guidelines must be imposed absent a departure"to allow only a mitigating departure but not an aggravating departure further beyond the section 775.082 maximum. And while section 921.001(6) does indeed refer to the "range recommended by the guidelines," sections 921.001(5) and 921.0014(2) both state that "the sentence recommended by the guidelines must be imposed absent a departure." [e.s.] To repeat ourselves, we view the "must be imposed" language of this provision, and the discretionary 25% variance provision of the same statute, to create an ambiguity which we must resolve in favor of the defendant. Thus while this provision authorizes the imposition of a recommended sentence greater than the section 775.082 maximum, it does not allow the imposition of sentence enhanced by a 25% variation above the recommended sentence. We disagree with the analysis of both Martinez and Mays to the extent that it applies to the case we face today, in which the recommended sentence itself exceeds the section 775.082 maximum without any variation.
For these and additional reasons, we also disagree with Green v. State, 691 So.2d 502 (Fla. 5th DCA 1997). In that case, the recommended sentence was 65.8 months and the trial court sentenced the defendant to 72 months, but the section 775.082 maximum was 60 months. In approving the sentence, the district court observed that the sentence imposed did not vary from the recommended sentence by more than 25% and that the sentence was therefore not a departure sentence. The court concluded that the 72-month sentence was a permissible variation from the recommended sentence. Explaining its rationale, the court stated:
"The emphasized line from section 921.001(5) quoted above should read, for purposes of clarity, as follows:
`If the recommended sentence under the guidelines exceeds the maximum sentence otherwise authorized by s. 775.082, a sentence under the guidelines must be imposed, absent a departure.'
It would appear, from a grammatical standpoint, that the articles in the foregoing sentence are misplaced in the printed statute."
691 So.2d at 503. With all due respect to the fifth district we are unable to agree that "the articles in the foregoing sentence are misplaced in the printed statute."
The court's "clarification" for grammatical purposes has effectually rewritten the statute. In the statutory text published by the legislature, the passage reads:
"If a recommended sentence under the guidelines exceeds the maximum sentence otherwise authorized by s. 775.082, the sentence under the guidelines must be imposed, absent a departure."
The reader will note that first the legislature has written "a recommended sentence"; but, after the reference to section 775.082, the legislature has written "the recommended sentence." The fifth district's revision of the statutory text is to change "the court must impose the sentence under the guidelines," to read instead that "the court must impose a sentence under the guidelines." The definite article the has been replaced by the indefinite article a. The indefinite article a has an accepted sense of "any, "while the definite article, the, used before a noun specifies a definite and specific noun, as opposed to any member of a class.[6] This transposition of articles enabled the fifth district to conclude that even when the recommended sentence exceeds the section 775.082 maximum the court could still impose a 25% variation sentence because it would still be a sentence under the guidelines. Again, with respect, this is not what the legislature wrote.
As we stated at the beginning we certify conflict with these decisions of the third and fifth districts.
*901 REVERSED AND REMANDED FOR RESENTENCING.
STEVENSON and GROSS, JJ., concur.
NOTES
[1] See Ch. 93-406, Laws of Fla.; and Ch. 94-307, Laws of Fla.
[2] The crime was gruesome: he raped and sodomized his 79-year old grandmother who suffers from advanced Alzheimer's disease. Defendant was 15 years of age at the time of the offenses and, in the words of his lawyer, "had a substantial history of very deviant sexual behavior."
[3] The sexual battery crimes are second degree felonies; the counts of battery on a person 65 years of age or older are third degree felonies. All of the crimes were committed in June 1995. The 1995 amendments to the sentencing guidelines that might otherwise have applied to this case were made effective October 1, 1995, or after the offenses were committed. See §§ 5 and 6, Ch. 95-184, Laws of Fla.
[4] See § 775.021, Fla.Stat. (1995) ("The provisions of this code and offenses defined by other statutes shall be strictly construed; when the language is susceptible of differing constructions, it shall be construed most favorably to the accused.").
[5] The third district was quoting from the 1993 statutes in which subparagraph (1) contains the substance of what became subparagraph (2) in the 1994 supplement. Compare § 921.0014(1), Fla.Stat. (1993) with § 921.0014(2), Fla.Stat. (Supp.1994).
[6] Actually we do not agree that the use of a in the first reference to "recommended sentence" was grammatically improper. In context it is readily apparent that the legislature intended to refer to any recommended sentence that exceeds the section 775.082 maximum, so it was entirely proper for the legislature to use the indefinite a. Any is one of the standard senses of the indefinite article.