707 So.2d 833 (1998)
Charles William FLOYD, Appellant,
v.
STATE of Florida, Appellee.
No. 96-4571.
District Court of Appeal of Florida, First District.
February 26, 1998.
*834 Nancy A. Daniels, Public Defender, Glen P. Gifford, Assistant Public Defender, Tallahassee, for Appellant.
Robert A. Butterworth, Attorney General, Charmaine M. Millsaps, Assistant Attorney General, Tallahassee, for Appellee.
PADOVANO, Judge.
In this direct appeal, the defendant presents a challenge to section 921.001(5), Florida Statutes, which authorizes a trial court to impose a guideline sentence exceeding the maximum term that is otherwise authorized by law. We conclude that the statute is constitutionally valid and that it was properly applied in the present case. Therefore, we affirm the sentences imposed by the trial court.
The defendant, Charles William Floyd, entered a plea of nolo contendere to driving with a suspended license, driving under the influence of alcohol resulting in serious injuries, and leaving the scene of an accident with injuries, all third degree felonies as charged. The offenses were committed on February 24, 1996, and were therefore subject to the 1994 revisions of the sentencing guidelines. According to the guidelines, the applicable range was 3.81 years to 6.36 years and the presumptive sentence was 5.09 years. The trial court accepted the plea and sentenced the defendant to six years on each count with the sentences to run concurrently. Afterward, the defendant made a timely objection in the trial court on the ground that the sentences exceed the statutory maximum for third degree felonies. This objection failed and the defendant now presents the issue for review on appeal.
Section 921.001(5), Florida Statutes, provides that if a recommended sentence under the guidelines exceeds the statutory maximum sentence that would apply otherwise, the trial court must impose the sentence under the guidelines. The defendant contends that the statute violates his right to due process of law because it fails to give adequate notice of the possible penalties for an offense. Alternatively, he contends that the statute cannot be applied in this case because only a portion of the sentencing guideline range exceeds the statutory maximum. We reject both arguments.
Although we disagree with the defendant's due process argument as a matter of law, we acknowledge that it raises several concerns that are worthy of discussion. By its nature, a law allowing a sentence in excess of the statutory maximum reduces the certainty of the statute that purports to define the maximum. The maximum prison term for an offense, once regarded as the absolute sentencing limit under Florida law, may now be an illusory limit depending on the circumstances of the case. As Judge Farmer aptly noted in Myers v. State, 696 So.2d 893 (Fla. 4th DCA 1997), section 921.001(5) creates a form of "wandering maximum" that can move *835 above and below the statutory maximum for the offense. Section 921.001(5) may cause an increase in the litigation relating to the validity of sentences simply because it adds a degree of complexity that did not previously exist in the sentencing process. Moreover, the statute might make it more difficult for trial judges to summarily deny frivolous postconviction motions under rule 3.800(a) of the Florida Rules of Criminal Procedure. A sentence that appears to be illegal on its face, under the definition in Davis v. State, 661 So.2d 1193 (Fla.1995) and State v. Callaway, 658 So.2d 983 (Fla.1995), may in fact be legal when the entire record is examined.
Nevertheless, we think these concerns are within the exclusive authority of the Legislature. As a matter of constitutional law, we are unable to say that section 921.001(5) fails to give adequate notice of the possible penalties. By publication of the Laws of Florida and the Florida Statutes, defendants are imputed with constructive notice of the consequences of their actions. See State v. Beasley, 580 So.2d 139 (Fla.1991). The maximum sentence can be determined in any case simply by completing a sentencing guidelines scoresheet. For this reason, the Florida courts have held that the statute provides adequate notice of the potential penalties for an offense. The argument made here was rejected by the Fourth District Court of Appeal in Myers and by the Fifth District in Gardner v. State, 661 So.2d 1274 (Fla. 5th DCA 1995). We join these courts in holding that section 921.001(5) is not invalid as a violation of the right to due process.
As for the defendant's second argument, we conclude that section 921.001(5) authorizes the court to impose a guideline sentence above the maximum even if the bottom end of the range is below the statutory maximum. Section 921.001(5) states in pertinent part:
Sentences imposed by trial court judges under the 1994 revised sentencing guidelines on or after January 1, 1994, must be within the 1994 guidelines unless there is a departure sentence with written findings. If a recommended sentence under the guidelines exceeds the maximum sentence otherwise authorized by s. 775.082, the sentence under the guidelines must be imposed, absent a departure. If a departure sentence, with written findings, is imposed, such sentence must be within any relevant maximum sentence limitations provided in s. 775.082.[1]
(Emphasis supplied).
It is apparent from the language of the statute that if any portion of the recommended range exceeds the statutory maximum, the guidelines apply independently of the statutory maximum. As the court explained in Martinez v. State, 692 So.2d 199, 201 (Fla. 3d DCA 1997) "the legislative intent is to allow the trial court the full use of the recommended range unencumbered by the ordinary legal maximum." See also Mays v. State, 693 So.2d 52 (Fla. 5th DCA 1997). In the present case, the six-year sentences were above the statutory maximum for the offenses but within the sentencing guidelines range. Hence, section 921.001(5) applies to the case and the sentences are legal.
Although the sentences were within the sentencing guidelines range, they were above the presumptive sentence of 5.09 years. Consequently, we must address another aspect of the Myers decision. There the Fourth District also held that the term "recommended sentence" in section 921.001(5), Florida Statutes refers to "a specific sentence of a precise, fixed number of months and not a range." Id. at 896. This sentence is expressed in section 921.0014(2) as "total sentence points minus 28." The Fourth District does not consider the range which is computed by increasing or decreasing this precise sentence by a discretionary 25% to be encompassed in the recommended sentence. Thus, according to the Fourth District, section 921.001(5) directs the trial court to exceed the statutory maximum only to the extent that the specific recommended sentence exceeds this maximum. Under this rationale, the defendant's sentence in the present *836 case could not exceed the presumptive sentence of 5.09 years in custody.
We do not agree with the holding in Myers on this point. Although it is true that the statute requires the trial court to impose "the" sentence under the guidelines if a recommended sentence under the guidelines exceeds the maximum sentence, the use of the definite article "the" in this sentence does not refer to a specific term of imprisonment. Rather, we think this term was used in the simplest possible sense to signify only that the trial court should apply the guidelines and not the statutory maximum.
Our conclusion is supported as well by the part of section 921.001(5) which says that the court must impose the sentence under the guidelines "absent a departure." A departure sentence is one that deviates from the range, not the presumptive sentence. Evidently, this phrase was included to enable the courts to avoid the effect of section 921.001(5) in circumstances that justify a downward departure. If the bottom end of the guidelines range exceeds the statutory maximum, then the trial court would be required to impose a departure sentence with written findings to support a sentence within the statutory maximum. See, State v. Eaves, 674 So.2d 908 (Fla. 1st DCA 1996). In any event, the use of the phrase "absent a departure" leads us to conclude that the statute refers to the sentencing guidelines range and not the presumptive sentence.
Section 921.001(5) provides further that "[i]f a departure sentence, with written findings, is imposed such sentence must be within any relevant maximum sentence limitations provided by s. 775.082." This sentence provides additional support for our conclusion that the trial court can impose a sentence in excess of the statutory maximum to the extent the sentencing guidelines range exceeds the maximum. What the legislature is saying here is that the courts may not use a departure sentence to exceed the maximum, no matter how good the reasons may be. The trial court can exceed the statutory maximum as long as the court imposes a sentence within the guidelines range and does not impose a departure sentence. For these reasons, we agree with the Third District in Martinez and certify conflict with the Fourth District in Myers.
In our view, section 921.001(5) stands for the unremarkable proposition that the sentencing guidelines can trump the statutory maximum otherwise set by law. If the upper end of the sentencing guideline range exceeds the statutory maximum set by 775.082, then the maximum is effectively increased to the upper end of the guideline range. In contrast, the trial court cannot lawfully exceed the statutory maximum simply by imposing a departure sentence. If the upper end of the sentencing guideline range is below the statutory maximum set by section 775.082, then the statutory maximum serves as the absolute upper limit of the sentence.
For these reasons, we hold that section 921.001(5), Florida Statutes, provides adequate notice of the possible penalties for an offense and that it was properly applied in this case. According to the statute, the defendant's six-year sentences were legal.
Affirmed.
MICKLE and LAWRENCE, JJ., concur.
NOTES
[1] The quoted language is from the version of the statute in effect at the time of the offense. See § 921.001(5) (1995). In 1997, the legislature added other provisions that are not material to any issue in this case.