FARMER, Judge.
A jury convicted defendant of possession of cocaine, a third degree felony.[1] The penalty statute provides a maximum sentence for this conviction of 5 years.[2] His sentencing score-sheet, however, showed a recommended sentence of 220.4 months. The trial judge enhanced the recommended sentence within the guidelines range of 25% and sentenced him to 20 years in prison. This appeal follows.
We decided the issue raised in this appeal in our previous decision in Myers v. State, 696 So.2d 893 (Fla. 4th DCA), rev. granted, 703 So.2d 477 (Fla.1997).[3] There we held that the court may not enhance a recommended sentence that already exceeds the maximum set by the penalty statute by a further extension within the guidelines range. Myers requires that we reverse the sentence in this case and remand with instructions to resentence defendant to the sentence recommended by the guidelines scoresheet. As we did in Myers, we certify conflict with Mays v. State, 693 So.2d 52 (Fla. 5th DCA), rev. granted, 700 So.2d 686 (Fla.1997); Martinez v. State, 692 So.2d 199 (Fla. 3d DCA), rev. dismissed, 697 So.2d 1217 (Fla.1997); and Green v. State, 691 So.2d 502 (Fla. 5th DCA), rev. granted 699 So.2d 1373 (Fla.1997); and with subsequently issued decision in Floyd v. State, 707 So.2d 833 (Fla. 1st DCA 1998).
REVERSED AND REMANDED FOR RESENTENCING TO RECOMMENDED SENTENCE UNDER GUIDELINES.
DELL and SHAHOOD, JJ., concur.

. We find no merit in any issue relating to the conviction and consequently affirm it.

. § 775.082(3)(d). Fla. Stat. (1995).

. Defendant did not raise this issue in the trial court, and thus the state argues that he is barred from doing so here by the Criminal Appeal Reform Act of 1996. § 924.051(3), Fla. Stat. (Supp. 1996) (“A judgment or sentence may be reversed on appeal only when an appellate court determines after a review of the complete record that prejudicial error occurred and ... if not properly preserved, would constitute fundamental error.”). We disagree. If defendant is correct then his sentence is an illegal sentence within the meaning of Davis v. State, 661 So.2d 1193, 1196 (Fla.1995) ("an illegal sentence is one that exceeds the maximum period set forth by law for a particular offense without regard to the guidelines.”), which may be raised at any time.