ON MOTION FOR REHEARING

FARMER, Judge.
It appearing that in affirming we overlooked relevant recent precedent from this court on defendant’s issue as to the illegality of his sentence, we grant rehearing.
Defendant pleaded guilty to three felony counts under an agreement to be sentenced within the guidelines and without habitual felony offender treatment.[1] One of the counts, count IV, was grand theft of an automobile, which is a third degree felony. The penalty statute for this third degree felony provides a maximum sentence of 5 years.[2] His sentencing scoresheet, however, showed a recommended sentence of 212 months. The trial judge sentenced him to 265 months in prison on this count.
We decided this issue in Myers v. State, 696 So.2d 893 (Fla. 4th DCA), rev. granted, 703 So.2d 477 (Fla.1997). There we held that the court may not enhance a recommended sentence that already exceeds the maximum set by the penalty statute by a further extension within the guidelines range. Myers requires that we reverse the sentence in this case and remand with instructions to resen-tence defendant to the sentence recommended by the guidelines scoresheet.[3] As *1085 we did in Myers, we certify conflict with Mays v. State, 693 So.2d 52 (Fla. 5th DCA), rev. granted, 700 So.2d 686 (Fla.1997); Martinez v. State, 692 So.2d 199 (Fla. 3d DCA), rev. dismissed, 697 So.2d 1217 (Fla.1997); and Green v. State, 691 So.2d 502 (Fla. 5th DCA), rev. granted, 699 So.2d 1373 (Fla.1997); and with the subsequently issued decision in Floyd v. State, 707 So.2d 833 (Fla. 1st DCA 1998).
REVERSED AND REMANDED FOR RESENTENCING ON COUNT TV TO RECOMMENDED SENTENCE UNDER GUIDELINES.
DELL and SHAHOOD, JJ., concur.

. As we affirm on all other issues and the sentences on the other counts are not affected by this issue, we therefore leave them undisturbed.

. See 775.082(3)(d), Fla. Stat. (1995).

.Defendant did not raise this issue in the trial court, but an illegal sentence within the meaning of Davis v. State, 661 So.2d 1193, 1196 (Fla.1995) ("[A]n illegal sentence is one that exceeds *1085 the maximum period set forth by law for a particular offense without regard to the guidelines.”), may be raised at any time, even for the first time on direct appeal.