708 So.2d 336 (1998)
John HINDENACH, Appellant,
v.
STATE of Florida, Appellee.
No. 97-0469.
District Court of Appeal of Florida, Fourth District.
April 8, 1998.
Richard L. Jorandby, Public Defender, and Susan D. Cline, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and James J. Carney, Assistant Attorney General, West Palm Beach, for appellee.
FARMER, Judge.
Defendant pleaded guilty to DUI with impairment causing bodily injury under an agreement to be sentenced within the guidelines. The penalty statute provides a maximum sentence for this conviction of 5 years.[1] His sentencing scoresheet, however, showed a recommended sentence of 71 months. The trial judge enhanced the recommended sentence within the guidelines range of 25% and sentenced him to 80 months in prison. This appeal follows.
We decided the issue raised in this appeal in our previous decision in Myers v. State, 696 So.2d 893 (Fla. 4th DCA), rev. granted, 703 So.2d 477 (Fla.1997). There we held that the court may not enhance a recommended sentence that already exceeds the maximum set by the penalty statute by a further extension within the guidelines range. Myers requires that we reverse the sentence in this case and remand with instructions to resentence defendant to the sentence recommended by the guidelines scoresheet.[2] As *337 we did in Myers, we certify conflict with Mays v. State, 693 So.2d 52 (Fla. 5th DCA), rev. granted, 700 So.2d 686 (Fla.1997); Martinez v. State, 692 So.2d 199 (Fla. 3d DCA), rev. dismissed, 697 So.2d 1217 (Fla.1997); and Green v. State, 691 So.2d 502 (Fla. 5th DCA), rev. granted, 699 So.2d 1373 (Fla. 1997); and with the subsequently issued decision in Floyd v. State, 707 So.2d 833 (Fla. 1st DCA 1998).
REVERSED AND REMANDED FOR RESENTENCING TO RECOMMENDED SENTENCE UNDER GUIDELINES.
KLEIN and STEVENSON, JJ., concur.
NOTES
[1] See §§ 316.193(3)(c)2 and 775.082(3)(d), Fla. Stat. (1995).
[2] Defendant did not raise this issue in the trial court, and thus the state argues that he is barred from doing so here by Florida Rule of Appellate Procedure 9.140(d) ("A sentencing error may not be raised on appeal unless the alleged error has first been brought to the attention of the lower tribunal."). We disagree. If defendant is correct then his sentence is an illegal sentence within the meaning of Davis v. State, 661 So.2d 1193, 1196 (Fla. 1995) ("[A]n illegal sentence is one that exceeds the maximum period set forth by law for a particular offense without regard to the guidelines."), it may be raised at any time, even for the first time on direct appeal.