717 So.2d 515 (1998)
Albert L. MAYS, Petitioner,
v.
STATE of Florida, Respondent.
No. 90826.
Supreme Court of Florida.
July 16, 1998.
Rehearing Denied September 9, 1998.
James B. Gibson, Public Defender, Rebecca M. Becker and Michael S. Becker, Assistant Public Defenders, Seventh Judicial Circuit, Daytona Beach, for Petitioner.
Robert A. Butterworth, Attorney General, and Robin A. Compton and Jennifer Meek, Assistant Attorneys General, Daytona Beach, for Respondent.
Richard L. Jorandby, Public Defender, and Anthony Calvello, Assistant Public Defender, Fifteenth Judicial Circuit, West Palm Beach, for The Florida Public Defender's Association, Amicus Curiae.
SHAW, Justice.
We have for review Mays v. State, 693 So.2d 52 (Fla. 5th DCA 1997), based on conflict with Myers v. State, 696 So.2d 893 (Fla. 4th DCA 1997). We have jurisdiction. Art. V, § 3(b)(3), Fla. Const. We approve the result in Mays as explained herein.
Albert Mays argued with a stranger on January 20, 1996, pulled a knife on him, and threatened to kill him. Mays was charged with and convicted of aggravated assault. His median recommended sentence under the sentencing guidelines was 67.8 months, and his recommended range was between 50.85 and 84.75 months. The statutory maximum sentence for the offense was 60 months. He was sentenced to 70 months, and the district court affirmed. Mays contends that because a portion of the recommended range did not exceed the statutory maximum, the court erred in sentencing him above the statutory maximum. We disagree.
Chapter 921, Florida Statutes, sets forth the process for calculating recommended sentences under the guidelines:
(2) Recommended sentences:
....
If the total sentence points are greater than 52, the sentence must be a state prison sentence calculated by total sentence points. A state prison sentence is calculated as follows:
State prison months = total sentence points minus 28.
The recommended sentence length in state prison months may be increased by up to, and including, 25 percent or decreased by up to, and including, 25 percent, at the discretion of the court.
§ 921.0014(2), Fla. Stat. (1995). Under this procedure, a sentencing court must: (1) determine the median recommended sentence, i.e., total sentence points minus 28; (2) establish the discretionary range, i.e., 25 percent increase and decrease from the median recommended sentence; and (3) select the actual sentence  i.e., the "true" recommended guidelines sentence  from within the range, absent a departure.
*516 The interplay between the sentencing guidelines and the statutory maximums[1] is simple. Prior to 1994, a court could not impose a guidelines sentence outside the statutory limits.[2] The legislature, however, amended the guidelines, effective January 1, 1994, to provide that only departure sentences cannot exceed the statutory maximums.[3] The guidelines currently provide:
Sentences imposed by trial court judges under the 1994 revised sentencing guidelines on or after January 1, 1994, must be within the 1994 guidelines unless there is a departure sentence with written findings. If a recommended sentence under the guidelines exceeds the maximum sentence otherwise authorized by s. 775.082, the sentence under the guidelines must be imposed, absent a departure.
§ 921.001(5), Fla. Stat. (1995).[4] Thus, under the current system, if the guidelines sentence  i.e., the "true" recommended guidelines sentence  exceeds the statutory maximum, the guidelines sentence must be imposed.
In the present case, the trial court properly calculated Mays' median recommended sentence (i.e., 67.8 months) and recommended range (i.e., between 50.85 and 84.75 months) and selected a "true" recommended guidelines sentence within that range (i.e., 70 months). Although this guidelines sentence exceeded the statutory maximum (i.e., 60 months), the trial court was authorized via chapter 921 to impose the guidelines sentence. We find no error. We approve the result in Mays on this issue.
It is so ordered.
HARDING, C.J., and OVERTON and WELLS, JJ., concur.
PARIENTE, J., concurs in part and dissents in part with an opinion, in which KOGAN and ANSTEAD, JJ., concur.
PARIENTE, Justice, concurring in part and dissenting in part.
I concur that the trial court had authority to exceed the statutory maximum of 60 months' incarceration. However, in my opinion, the maximum sentence the trial court could impose was 67.8 months, which was the "recommended sentence" based on scoresheet calculations. Because the sentencing guidelines encompassed by the 1994 statutory revisions do not explicitly authorize trial courts to utilize the 25% discretionary range to exceed the statutory maximums set forth in section 775.082, Florida Statutes (1993), I agree with the result reached by the Fourth District Court of Appeal in Myers v. State, 696 So.2d 893 (Fla. 4th DCA 1997).
It is a cardinal rule of statutory construction, known as the rule of lenity, that a criminal statute shall be "strictly construed," and where a statute is "susceptible of differing constructions, it shall be construed most favorably to the accused." § 775.021(1), Fla. Stat. (1993); see also Cabal v. State, 678 So.2d 315, 318 (Fla.1996); Johnson v. State, 602 So.2d 1288, 1290 (Fla.1992); Perkins v. State, 576 So.2d 1310, 1312 (Fla.1991). The rule of lenity applies "not only to interpretations of the substantive ambit of criminal prohibitions, but also to the penalties they impose." Carawan v. State, 515 So.2d 161, 165 (Fla.1987), superseded by statute on other grounds, § 775.021(4), Fla. Stat. (1989).
In each of the cases before us  Myers; Green v. State, 691 So.2d 502 (Fla. 5th DCA 1997); Mays v. State, 693 So.2d 52 (Fla. 5th DCA 1997); and Wilkins v. State, 693 So.2d 62 (Fla. 5th DCA 1997)  the total sentence points on the guidelines scoresheet resulted in a recommended sentence in excess of the *517 statutory maximum.[5] The Fourth District in Myers agreed with the Fifth District that the trial court possessed the authority to impose the recommended sentence based on the total sentence points, even though it was outside the statutory maximum of section 775.082. The disagreement between Myers on one side and Green, Mays and Wilkins on the other was limited to whether the trial court possessed the statutory authority to further increase the recommended sentence by an additional 25%, when the recommended sentence already exceeded the statutory maximum of section 775.082. In Myers, the Fourth District concluded that the trial court did not possess this authority. The Fifth District reached the opposite conclusion in Green, Mays, and Wilkins.[6]
The sentencing guidelines constitute a complex and detailed statutory scheme. The initial goal of the sentencing guidelines was to achieve a degree of predictability and uniformity in sentencing. The particular provisions applicable to the analysis here are only a portion of the 1994 revised scheme. The primary goal of the 1994 amendments, as enunciated in the specific statement of legislative intent, was "to emphasize incarceration in the state prison system for violent offenders and nonviolent offenders who have repeatedly committed criminal offenses and have demonstrated an inability to comply with less restrictive penalties previously imposed." § 921.0001, Fla. Stat. (1995).[7]
Prior to 1994 amendments, the sentencing guidelines required that all sentences imposed by trial court judges be "within any relevant minimum and maximum sentence limitations provided by statute and must conform to all other statutory provisions." § 921.001(5), Fla. Stat. (1991). Section 775.082 sets forth the mandatory minimum sentences and the statutory maximums for all degrees of felonies and misdemeanors.
The amended version of subsection 921.001(5) provides in pertinent part that:
If a recommended sentence under the guidelines exceeds the maximum sentence otherwise authorized by s. 775.082, the sentence under the guidelines must be imposed, absent a departure.
§ 921.001(5), Fla. Stat. (1995) (emphasis supplied). It is this provision that authorizes the trial court to exceed the statutory maximums of section 775.082, when "a recommended sentence under the guidelines exceeds the maximum."
The determination of the extent of the trial court's authority to exceed the statutory maximum depends, in large part, on whether the term "recommended sentence" in sections 921.001(5) and 921.0014(2) includes the 25% discretionary variation provided for under subsections 921.0014(2) and 921.0016(1)(b).
In Green and Mays, the Fifth District concluded that the term "recommended sentence" included the 25% discretionary range. The Fourth District in Myers construes "recommended sentence" to refer only to the specific sentence as calculated by the scoresheet.[8] Although the term "recommended sentence" is not specifically defined, subsection 921.0014(2) is entitled "recommended sentences." This subsection sets forth incarceration options depending on the total sentence points assessed. Pursuant to this subsection, *518 if the total sentence points are greater than 52, the sentence imposed must be a state prison sentence. State prison sentences must be calculated as follows:
State prison months = total sentence points minus 28.[9]
The recommended sentence length in state prison months may be increased by up to, and including, 25 per cent or decreased by up to, and including, 25 per cent, at the discretion of the court.... If a recommended sentence under the guidelines exceeds the maximum sentence otherwise authorized by s. 775.092, the sentence recommended under the guidelines must be imposed absent a departure.
§ 921.0014(2). Thus, reading subsection 921.0014(2) in conjunction with 921.001(5), it appears that the term "recommended sentence" refers to a precise number of months  a specific number calculated pursuant to 921.0014(2), not the 25% discretionary range.
This conclusion is buttressed by reading subsections 921.0014(2) and 921.001(5) in pari materia with section 921.0016. The various subsections of 921.0016 provide in pertinent part:
(1)(a) The recommended guidelines sentence provided by the total sentence points is assumed to be appropriate for the offender.
(b) A trial court judge may impose a state prison sentence which varies upward or downward by up to, and including, 25 percent from the recommended guidelines state prison sentence without issuing a written statement delineating the reasons for the variation.
(c) A state prison sentence which varies upward or downward from the recommended guidelines prison sentence by more than 25 percent is a departure sentence and must be accompanied by a written statement delineating the reasons for the departure, filed within 7 days after the date of sentencing.
(Emphasis added.) Thus, section 921.0016 specifies three types of sentences: a recommended guidelines sentence provided by the total number of sentence points; an authorized discretionary variation sentence, varying up to and including 25% from the recommended sentence; and a departure sentence, varying by more than 25%. This subsection provides further support for the conclusion that the recommended sentence refers to the total sentence points and not the discretionary range.[10]
Although the trial court has the discretion to increase or decrease a sentence within a range of 25%, nowhere within the statutory scheme is there explicit authority for the trial court to increase the recommended sentence by 25% if the resultant discretionary (rather than recommended) sentence would exceed the statutory maximum. While the legislature may have intended to grant the trial court this authority, it never explicitly did so.[11]
In Myers Judge Farmer also notes the tension between the mandatory direction of subsections 921.001(5) and 921.0014(2) and the entirely discretionary authorization of the 25% range. Reading the term "recomended *519 sentence" as encompassing a "range"
creates an intolerable ambiguity. On the one hand, what is expressly written as a mandatory imposition, "must be imposed," would be then coupled with a purely discretionary addition, resulting in a statutory conflict. Is the judge truly required to impose the recommended sentence if the judge has discretion to enhance it upwards by an additional 25%? And if the judge has the discretion to enhance it, why not also the discretion to mitigate it within the usual range? As we have just stated, we are unable to find anything in the statutory text that authorizes such a discretionary enhancement further beyond the section 775.082 maximum.
696 So.2d at 898.
The Fifth District recognized that subsection 921.001(5), as written, needed clarification and opined that "[i]t would appear, from a grammatical standpoint, that the articles in the foregoing sentence are misplaced in the printed statute." Green, 691 So.2d at 504. The Fifth District attempted to resolve the conflict discerned in Judge Farmer's opinion in Myers by transposing the articles so that the statute would read:
If the [substituting "the" for "a"] recommended sentence under the guidelines exceeds the maximum sentence otherwise authorized by s. 775.082, a [substituting "a" for "the"] sentence under the guidelines must be imposed, absent a departure.
Id. As Judge Farmer points out, the Fifth District's "`clarification' for grammatical purposes has effectually rewritten the statute." Myers, 696 So.2d at 900.
Most significantly, the transposition of the articles by the Fifth District revises the statutory text to read "a sentence under the guidelines must be imposed," Green, 691 So.2d at 504 (emphasis supplied), when the actual statutory text states "the sentence under the guidelines must be imposed." § 921.001(5) (emphasis supplied). It is only by changing the articles that the Fifth District is able to conclude that even when the recommended sentence exceeds the section 775.082 maximum, the court could still impose a 25% variation because it would be "a sentence under the guidelines." Green, 691 So.2d at 504. This is not the language the legislature utilized in either subsection 921.001(5) or 921.0014(2).
"One of the most fundamental principles of Florida law is that penal statutes must be strictly construed according to their letter." Perkins, 576 So.2d at 1312. Because of the rule of lenity, codified in section 775.021(1), the judiciary does not possess the prerogative to rewrite a criminal statute to the disadvantage of the defendant.
Given the maxims of statutory construction applicable to criminal statutes, we must construe these provisions favorably to the defendant. Thus, I conclude that a trial court has statutory authority to exceed the statutory maximum of section 775.082 only when the recommended sentence exceeds the statutory maximum, but does not have authority to utilize the 25% discretionary variation to further exceed the section 775.082 statutory maximum.
KOGAN and ANSTEAD, JJ., concur.
NOTES
[1] Section 775.082 sets forth maximum terms of imprisonment for various crimes. See § 775.082, Fla. Stat. (1995).
[2] See § 921.001(5), Fla. Stat. (1991) ("Sentences imposed by trial court judges must be in all cases within any relevant minimum and maximum sentence limitations provided by statute and must conform to all other statutory provisions.").
[3] See ch. 93-406, § 5, at 2920, Laws of Fla.
[4] See also § 921.0014(2), Fla. Stat. (1995) ("If a recommended sentence under the guidelines exceeds the maximum sentence otherwise authorized by s. 775.082, the sentence recommended under the guidelines must be imposed absent a departure.").
[5] In Martinez v. State, 692 So.2d 199 (Fla. 3d DCA), review dismissed, 697 So.2d 1217 (Fla. 1997), the total sentence points on the guidelines scoresheet resulted in a recommended sentence within the statutory maximum delineated by section 775.082. Only after the trial court enhanced the recommended sentence within the 25% discretionary range did the resulting sentence then exceed the statutory maximum.
[6] The Fifth District adopted the reasoning of the Third District in Martinez. The First District recently aligned itself with the Third and Fifth Districts. See Floyd v. State, 707 So.2d 833 (Fla. 1st DCA 1998).
[7] The 1994 revisions to the sentencing guidelines at issue here are repealed effective October 1, 1998, and after that date only applicable to crimes committed before October 1, 1998. See § 921.0001, Fla. Stat. (1997) (historical note).
[8] The majority opinion here utilizes the term "true" recommended guidelines sentence to refer to the sentence selected by the trial court to be imposed within the 25% range. This term does not appear anywhere within chapter 921, the sentencing guidelines statute.
[9] According to the Final Staff Analysis, this calculation ensures that all state prison terms exceed twelve months. Fla. H.R. Comm. on Crim. Justice, SB 26-B (1993) Staff Analysis 436 (final June 18, 1993) (on file with comm.).
[10] The legislative history found in the final staff analysis supports this conclusion:

The bill provides that if a recommended sentence under the guidelines exceeds the maximum sentence otherwise authorized by law, the sentence recommended under the guidelines must be imposed, absent a departure sentence.
The judge has discretion to deviate from the recommended sentence length in prison months by up to, and including, 25 percent either upward or downward, without the deviation being considered a departure.
Staff Analysis, SB 26-B at 436 (emphasis supplied).
[11] Subsection 921.0016(1)(e), Florida Statutes (1995), specifies that "[a] departure sentence must be within any relevant maximum sentence limitations provided by s. 775.082." By implication it could be argued that all other sentences may exceed the relevant maximum sentence limitations. However, because of due process concerns regarding notice, it is improvident to find such authority by implication.