OWEN, WILLIAM C., Jr., Senior Judge.
Appellant, adjudicated guilty of and sentenced for multiple crimes, on this direct appeal raises only two issues, both related to the sentences he received. The first is that the sentences imposed on Counts II and III of Case Number 97-484CF were in excess of that permitted by law. We hold they were not. The second is that the sentencing orders fail to show the several sentences were to run concurrently as orally pronounced by the court at the time of sentencing. The state concedes that issue.
The court scored the five crimes. The sentencing guidelines called for a recommended sentence of 175.6 months (14.63 years) imprisonment and a range of 131.7 months to 219.5 months. On Count II, aggravated battery with a deadly weapon, a second-degree felony punishable by a term not to exceed fifteen (15) years, appellant was sentenced to 17 years. On Count III, grand theft, a third-degree felony punishable by a term not to exceed five (5) years, appellant was also sentenced to 17 years. Relying on this court’s opinion in Myers v. State, 696 So.2d 893 (Fla. 4th DCA 1997),[1] appellant contended that (a) as to Count II it was error to sentence him beyond the statutory maximum of 15 years, and (b) as to Count III, since the recommended sentence exceeded the statutory maximum of 5 years, it was error to sentence him beyond the recommended guidelines sentence of 14.63 years.
This court’s decision and opinion in Myers was quashed in State v. Myers, 713 So.2d 1013 (Fla.1998). On the authority of the latter case, as well as Wilkins v. State, 713 So.2d 1014 (Fla.1998), and Mays v. State, 717 So.2d 515, 23 Fla. L. Weekly S387 (Fla.1998), we hold that the 17 year sentence on Count II and the 17 year sentence on Count III were each legal. Each of those sentences is therefore affirmed.
Appellant asserts, and the state concedes, that the sentences should reflect that they are to run concurrently with each other as the court orally pronounced. Upon remand the trial court is directed to amend the sentencing orders to reflect that the several sentences imposed at sentencing are to run concurrently with each other in accordance with the court’s oral pronouncement at the time of sentencing. See Martindale v. State, 678 So.2d 883 (Fla. 4th DCA 1996). The appellant need not be present for that purpose.
AFFIRMED, AND REMANDED WITH DIRECTIONS.
STONE, C.J., and GROSS, J„ concur.

. At the time briefs were filed and the case submitted for disposition, Myers v. State was pending review in the Supreme Court.