PER CURIAM.
Sol Singletary appeals the trial court’s order summarily denying his “motion for postconviction relief/with support of memorandum of law” and “supplement/amendment motion for postconviction relief’ filed pursuant to Florida Rule of Criminal Procedure 3.850. We affirm in all respects except for Singletary’s claim that he was illegally sentenced to twenty years’ incarceration on his conviction for incest, a third-degree felony punishable by a maximum term of five years’ incarceration. See § 826.04, Fla. Stat. (1991); § 775.082(3)(d), Fla. Stat. (1991).
Prior to 1994, a court could not impose a guidelines sentence that was outside the statutory limits. See Mays v. State, 717 So.2d 515 (Fla.1998) (citing to § 921.001(5), Fla. Stat. (1991)). Therefore, Singletary’s twenty-year sentence on his incest conviction is illegal. Moreover, Sin-gletary claims that he should not have been sentenced at all on this offense because his probationary sentence expired prior to the new violation, in that he was originally sentenced to probation in 1992, and was sentenced on his violation of probation on June 7, 1999. The record does not include attachments that conclusively refute this claim. Therefore, as to Single-tary’s claim that his probationary period on his incest conviction had expired, the trial court’s order is reversed and remanded for further proceedings with instructions that the trial court attach portions of the record which conclusively refute this claim or conduct an evidentiary hearing. If the record refutes Singletary’s claim, the trial court shall resentence Singletary as to this offense within the guidelines.
Affirmed in part, reversed in part and remanded.
FULMER, A.C.J., and GREEN and CASANUEVA, JJ„ Concur.