On Motion For Rehearing
PER CURIAM.
We grant the motion for rehearing, withdraw our prior opinion and substitute the following in its place.
This is an appeal from the trial court’s summary denial of appellant’s motion for postconviction relief from his convictions for vehicular homicide, a violation of section 782.071, Florida Statutes (1998), and leaving the scene of an accident with injury, a violation of section 316.027, Florida Statutes (1998), both third degree felonies. He was also convicted of a related misdemeanor. He contends that the judgment of conviction is incorrect and his sentence for the third degree felonies is illegal, because he was sentenced to concurrent ten year terms, which exceeds the statutory maximum. However, his guide *1179 lines sentence was 153.6 months in prison, with a minimum of 9.6 years and a maximum of 16 years, and the statutory scheme permits appellant to he sentenced within the guidelines, even though that sentence exceeds the statutory maximum. See Mays v. State, 717 So.2d 515, 516 (Fla. 1998). Therefore, the sentence of ten years, being within the guidelines, is a legal sentence.
However, the actual judgment of conviction states that appellant was convicted of a second degree felony, which the state concedes is incorrect. The information shows that the state amended the information, and appellant was only charged with vehicular homicide under section 782.071(1), Florida Statutes (1998), and was not charged with a violation of section 782.071(2), which is a second degree felony. The appellant is entitled to correction of the judgment. To this extent, we reverse, remand and instruct the trial court to correct the judgment of conviction to show that appellant’s conviction for vehicular homicide pursuant to section 782.071(1) is a third degree felony.
STONE, WARNER and GROSS, JJ., concur.