SHAW, Justice.
We have for review Wilkins v. State, 693 So.2d 62 (Fla. 5th DCA 1997), based on conflict with Myers v. State, 696 So.2d 893 (Fla. 4th DCA 1997). We have jurisdiction. Art. V, § 3(b)(3), Fla. Const. We approve the result in Wilkins as explained below.
Robert Wilkins pled guilty to vehicular homicide based on an accident that took place February 12,1994. His median recommended sentence[1] under the guidelines was 74.2 months, and his recommended range was between 55.65 and 92.75 months. The statutory maximum sentence for the offense was 60 months. The court sentenced him to 85 months, and the district court affirmed. Wilkins claims that because a portion of the recommended range did not exceed the statutory maximum, the court erred in sentencing him above the statutory maximum. We disagree.
We addressed this issue in Mays v. State, No. 90,826, — So.2d - (Fla. July 16, 1998), wherein we construed the 1994 amendment to the sentencing guidelines. We held that if the guidelines sentence — i.e., the “true” recommended guidelines sentence— exceeds the statutory maximum, the court is authorized to impose the guidelines sentence. In the present case, the “true” recommended guidelines sentence, i.e., 85 months, exceeds the statutory maximum, i.e., 60 months. The court thus was authorized to impose the *1015 guidelines sentence. We approve the result in Wilkins on this issue.
It is so ordered.
HARDING, C.J., and OVERTON and WELLS, JJ., concur.
PARIENTE, J., concurs in part and dissents in part with an opinion, in which KOGAN and ANSTEAD, JJ., concur.

. See § 921.0014, Fla. Stat. (1993) (explaining that the median recommended sentence is equal to "total sentence points minus 28”).