742 So.2d 422 (1999)
Jerry CAUBLE, Appellant,
v.
STATE of Florida, Appellee.
No. 98-02620.
District Court of Appeal of Florida, Second District.
September 10, 1999.
Charlie Ann Scott, Sarasota, for Appellant.
*423 Robert A. Butterworth, Attorney General, Tallahassee, and Dale E. Tarpley, Assistant Attorney General, Tampa, for Appellee.
THREADGILL, Acting Chief Judge.
The appellant, Jerry Cauble, challenges the propriety of his sentences, which were imposed after remand, for DUI manslaughter, DUI with bodily injury, and leaving the scene of an accident involving injury and/or death. See Cauble v. State, 23 Fla. L. Weekly D39, ___ So.2d ___, 1997 WL 912913 (Fla. 2d DCA Dec.19, 1997)(affirming convictions, but reversing upward departure sentence and remanding for resentencing). Though Cauble raises three issues, we address only his challenge to the ultimate duration of his twenty-year probationary split sentence, to which the State improperly concedes error.
"In general, the guidelines only limit the prison term to be imposed." Ortiz v. State, 696 So.2d 916 (Fla. 5th DCA 1997); see also Fla. R.Crim. P. 3.702(d)(19); § 921.001(5), Fla. Stat. (1997). If a probationary split sentence is imposed, however, "[t]he total sanction ... shall not exceed the term provided by general law or the guidelines recommended sentence where the provisions of subsection 921.001(5) apply." Fla. R.Crim. P. 3.702(d)(19). Section 921.001(5) applies only if the recommended guidelines sentence exceeds the statutory maximum sentence. In Cauble's case, he was convicted of one second-degree felony, the statutory maximum being fifteen years, see section 775.082(3)(c), Florida Statutes (1997), and two third-degree felonies, the statutory maximum on each of those being five years, see section 775.082(3)(d). Cauble's statutory maximum exposure was thus twenty-five years, if consecutive sentences were to be imposed. Since his recommended guidelines sentence was 17.9 years, section 921.001(5) did not apply. Cauble's probationary split sentence was therefore not limited to the recommended guidelines sentence, as, under the circumstances herein, the general rule applied, meaning that only the incarcerative portion of the probationary split sentence was limited to the recommended guidelines sentence. Since the incarcerative portion of Cauble's sentence was fifteen years, it was well within the guidelines.
Affirmed.
GREEN and STRINGER, JJ., Concur.