COBB, J.
In this Anders appeal,[1] this court asked for supplemental briefs on a sentencing issue. Appellant, Derick Lowery, was convicted of a second degree felony, sexual activity with a person 16 or 17 years of age,[2] and a third degree felony, interference with custody,[3] and sentenced to concurrent terms of 68.7 months incarceration followed by 60 months probation. Lowery’s guideline scoresheet reflected a sentencing range of 68.7 to 114.5 months incarceration. The statutory maximum penalty for a third degree felony under section 775.082(3)(d), Florida Statutes (1999) is five years. The 68.7 month incar-cerative term for Lowery’s third degree felony is proper, since a guideline sentence exceeding the general statutory maximum penalty must be imposed, absent a departure. See Mays v. State, 717 So.2d 515 (Fla.1998); § 921.001(5), Fla. Stat. (1999); Fla. R.Crim. P. 3.703(d)(28). However, the total sanction of incarceration and probation totaling 128.7 months exceeds the maximum term of 114.5 months authorized by the guidelines. Florida Rule of Criminal Procedure 3.703(d)(31) states that when a split sentence is imposed, the total sanction of incarceration and community or probation shall not exceed the term provided by general law or the guidelines recommended sentence where the provisions of subsection 921.001(5) apply. We therefore vacate the sentence on the third degree felony and remand the case back to the trial court for resentencing. Although the state requests this court to certify conflict with Cauble v. State, 742 So.2d 422 (Fla. 2d DCA 1999), the exact sentencing disposition in that case is unclear and we therefore decline to find an express conflict.
JUDGMENT AFFIRMED; SENTENCE VACATED AND REMANDED.
ANTOON, C.J. and GRIFFIN, J., concur.

. Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

. § 794.05(1), Fla. Stat. (1999).

. § 787.03(1), Fla. Stat. (1999).