PER CURIAM.
The appellant challenges the trial court’s summary denial of her motion to correct illegal sentence, filed pursuant to Florida Rule of Criminal Procedure 3.800(a). Because the appellant’s sentence exceeds the maximum authorized under the law, we reverse.
The appellant pled guilty to D.U.I. manslaughter and D.U.I. causing serious bodily injury. For the D.U.I. causing serious bodily injury, she was sentenced to a 60 month term of imprisonment. For the D.U.I. manslaughter conviction, she was sentenced to 60 months in prison, followed by 17 years of probation. The sentences were ordered to run consecutively, thus the appellant received a cumulative probationary split-sentence of 120 months in prison followed by 17 years, or 204 months, of probation, for a total sentence of 324 months.
The appellant alleges that she is entitled to be resentenced under the 1994 guidelines because her sentences were imposed pursuant to the unconstitutional 1995 sentencing guidelines. See Heggs v. State, 759 So.2d 620 (Fla.2000). Although the appellant has standing to raise this claim, see Trapp v. State, 760 So.2d 924 (Fla.2000), the appellant’s term of incarceration could have been imposed under the 1994 guidelines without a departure, and thus she has suffered no prejudice. See Heggs, 759 So.2d at 624. The appellant also alleges that her sentence is illegal because it exceeds the statutory maximum for D.U.I. manslaughter. The trial court did not address this claim, but we find the appellant’s claim has merit.
The statutory maximum for the appellant’s D.U.I. manslaughter conviction is 180 months. See § 316.193(3)(c)(3)(a), Fla. Stat. (1996); see also § 775.082(3)(c), Fla. Stat. (1995). However, the appellant’s maximum sentence under either the 1995 or 1994 guidelines exceeds this statutory maximum; the appellant’s 1995 guidelines recommended a maximum sentence of 292.7 months, and under the 1994 guidelines, her sentence would have been capped at 193.6 months. In this instance, because the guidelines exceed the statutory maximum, it is the guidelines that cap the cumulative sentence that can be imposed. See § 921.001(5), Fla. Stat. (1995); Mays v. State, 717 So.2d 515 (Fla.1998). Thus, although the appellant’s cumulative sentence of 264 months imposed for D.U.I. manslaughter falls within the 1995 guidelines, it exceeds the maximum authorized under the 1994 guidelines.
However, because the appellant was sentenced on multiple counts, her sentence must be examined with regard to the total exposure she faced. See Cauble v. State, 742 So.2d 422 (Fla. 2d DCA 1999). The statutory maximum for D.U.I. causing serious bodily injury is 60 months. See § 316.193(3)(c)(2), Fla. Stat. (Supp.1996); see also § 775.082(3)(d), Fla Stat. (1995). Adding the statutory maximum for D.U.I. manslaughter to the statutory maximum for D.U.I. causing serious bodily injury produces an aggregate exposure of 240 *572 months for consecutive sentences. The appellant’s cumulative sentence of 324 months exceeds both the maximum statutory exposure and the maximum authorized under the guidelines. Thus, the appellant’s cumulative sentence is illegal.
We accordingly reverse the summary denial of the appellant’s motion and remand for the trial court to consider this claim on its merits. Because the appellant’s offenses were committed during the window when the 1995 guidelines were unconstitutional, resentencing should be pursuant to the 1994 guidelines.
BARFIELD, WOLF and DAVIS, JJ., CONCUR.