899 So.2d 1191 (2005)
William David TAYLOR, Appellant,
v.
STATE of Florida, Appellee.
No. 1D03-3156.
District Court of Appeal of Florida, First District.
April 15, 2005.
*1192 Nancy A. Daniels, Public Defender; A. Victoria Wiggins, Assistant Public Defender, Tallahassee, for Appellant.
Charlie Crist, Attorney General; Alan R. Dakan, Assistant Attorney General, Tallahassee, for Appellee.
PER CURIAM.
Appellant challenges an order which denied his motion to correct illegal sentences, filed pursuant to Florida Rule of Criminal Procedure 3.800(a). Because appellant's sentences are illegal, we reverse.
Appellant argues that his original sentences, which were imposed pursuant to the 1995 sentencing guidelines, are illegal under Heggs v. State, 759 So.2d 620 (Fla.2000). He has standing to raise this issue as he alleges that his offenses occurred between January and March of 1996, within the window period established in Trapp v. State, 760 So.2d 924 (Fla.2000). He has also demonstrated prejudice, as he could not have received the same sentences pursuant to the 1994 guidelines without a departure. See Heggs, 759 So.2d at 627. Following a hearing, the trial court denied appellant relief on the Heggs claim, stating that, because appellant's sentences originated from a negotiated plea for a specific term of years, appellant was required to withdraw his plea before resentencing could occur. The trial court's reasoning is misplaced.
Notwithstanding the plea agreement and the fact that appellant may have agreed to the sentences at issue, he is still entitled to relief because his sentences are illegal. See Leavitt v. State, 810 So.2d 1032, 1033 (Fla. 1st DCA 2002) (citing Blanchette v. State, 620 So.2d 258 (Fla. 1st DCA 1993), which held that a defendant cannot plead to an illegal sentence). Appellant pled no contest to nine counts of burglary of a dwelling, which is a second-degree felony punishable by up to 15 years' imprisonment. See §§ 810.02(3), 775.082(3)(c), Fla. Stat. (1996). Appellant's 1995 guidelines scoresheet provided for maximum sentences of 486.0 months and, pursuant to the 1994 guidelines, the maximum sentences would have been 181.0 months. Although appellant's nine concurrent 25-year sentences fall within the 1995 guidelines, they exceed both the maximum statutory exposure and the maximum authorized by the 1994 guidelines. Thus, *1193 appellant's sentences are illegal. Compare Ferrington v. State, 804 So.2d 570, 571 (Fla. 1st DCA 2002) (defining a sentence in excess of the maximum authorized by law as an illegal sentence), with White v. State, 816 So.2d 820 (Fla. 5th DCA 2002) (holding that when a sentence entered pursuant to a plea agreement exceeds the sentencing guidelines range, the sentence is not "illegal," as long as it does not exceed the statutory maximum). Therefore, notwithstanding appellant's failure to withdraw his plea and contrary to the trial court's ruling, appellant's illegal sentences must be vacated. However, the state, which was also a party to the plea agreement, may be entitled to withdraw from that agreement if it "gave up something as part of the plea agreement." Latiif v. State, 787 So.2d 834, 837 (Fla.2001) (quoting from Jolly v. State, 392 So.2d 54 (Fla. 5th DCA 1981)). Although this issue was raised below, it was not resolved because the trial court refused to vacate appellant's sentences. Thus, the trial court shall address this issue on remand.
The trial court's order is reversed, and the case is remanded for the trial court either to resentence appellant to legal sentences or to allow the state to withdraw from the plea agreement and take appellant to trial on the original charges.
REVERSED and REMANDED with directions.
ALLEN, KAHN and WEBSTER, JJ., concur.